■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS J. GROTTO, Appellant. [636 NYS2d 436] —Mercure, J. Appeal from a judgment of the County Court of Ulster County (Sheridan, J.), rendered December 14, 1994, upon a verdict convicting defendant of the crimes of rape in the first degree, sexual abuse in the first degree, incest and endangering the welfare of a child (two counts).

Defendant was indicted for rape in the first degree, sexual abuse in the first degree and incest, based upon the allegation that he engaged his six-year-old daughter in sexual intercourse on August 22, 1992 (counts 1-3). He was also indicted for two counts of endangering the welfare of a child based upon allegations that "during the period of January 1, 1990 through May 8, 1993, [defendant] knowingly acted in a manner likely to be injurious to the physical, mental or moral welfare" of his daughter (count 4) and his stepdaughter (count 5). Following trial, the jury returned a verdict finding defendant guilty of each count, and defendant now appeals from the judgment of conviction and sentence rendered thereon.

We affirm. Initially, we reject the contention that reversal is required by virtue of County Court's receipt of evidence concerning defendant's acts of sexual intercourse with his daughter in 1991 and 1992 (in addition to the act charged in count 1). First, we disagree with defendant's characterization of the testimony as direct evidence of prior uncharged crimes (cf., People v Lewis, 69 NY2d 321). To the contrary, these prior acts of intercourse were encompassed within and properly received in support of count 4 of the indictment, as part of a course of conduct that was likely to be injurious to the physical, mental or moral welfare of his daughter (see, People v Beauchamp, 74 NY2d 639; People v Keindl, 68 NY2d 410, 421-422). Further, although there is some merit to the claim that the People failed to provide timely particulars with regard to these additional acts of sexual intercourse, defendant has made no convincing claim of prejudice resulting therefrom.

We are not persuaded by the argument that, had these acts been alleged in separate counts of the indictment charging rape in the first degree, defendant could have obtained sever-

ance and thereby avoided the inevitable prejudice resulting from "the human tendency to more readily believe a person guilty when it is known or suspected that the accused has engaged in similar crimes" (*People v Daniels*, 216 AD2d 639, 640). To the contrary, if they had been so charged, the counts would clearly have been "joinable" as "the same or similar in law" (CPL 200.20 [2] [c]), and defendant has cited to no circumstances favoring discretionary severance (*see*, CPL 200.20 [3]). In fact, considering that each count would have involved the same victim and been supported by essentially the same quantum of proof, we conclude that there would have been no persuasive basis for severance in any event (*see*, *People v Reed*, 212 AD2d 962, *lv denied* 86 NY2d 739; *People v Goldsborough*, 203 AD2d 615, *lv denied* 84 NY2d 826).

We further conclude that County Court acted well within its discretion in denying defendant's motion to reopen the proof after both sides had rested, in order to produce evidence as to photographs that had not only been in defendant's possession at all times but which had for months been the subject of an outstanding prosecution discovery demand (*see*, *People v Henderson*, 28 AD2d 1145, 1146). Finally, defendant was by no means denied effective assistance of counsel (*see*, *People v Baldi*, 54 NY2d 137). Defendant's remaining contentions have been considered and found to be either meritless or unpreserved for our review.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.