■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS J. GROTTO, Appellant. [660 NYS2d 472] —Mercure, J. Appeal, by permission, from an order of the Supreme Court (Sheridan, J.), entered December 19, 1996 in Ulster County, which denied defendant's motion pursuant to CPL 440.10 to vacate a judgment convicting him of the crimes of rape in the first degree, sexual abuse in the first degree, incest and endangering the welfare of a child (two counts), without a hearing.

In November 1994, an Ulster County trial jury convicted de-

fendant of (among other charges) rape in the first degree, sexual abuse in the first degree and incest upon evidence that he engaged his six-year-old daughter in sexual intercourse. The trial evidence established that the act occurred at the residence of defendant's sister, Linda Grotto, on the morning of her wedding day, August 22, 1992. Although defendant presented an alibi defense predicated upon the assertion that he was not at his sister's home at any time on that day, among the wedding photographs, which the trial evidence indicated defendant had taken, were some depicting scenes at that location. After both sides rested, defendant moved to reopen the proof to permit him to offer evidence consisting of photographs that had been in his control at all times and, in fact, were the subject of an outstanding prosecution discovery demand for months prior to the trial. The motion was denied and defendant was found guilty of the subject charges. On direct appeal from the judgment of conviction and defendant's posttrial motion to set aside the verdict on the basis of newly discovered evidence (CPL 330.30 [3]), this Court rejected defendant's claims that County Court abused its discretion in denying his motions to reopen the proof and to set aside the verdict and that he was denied effective assistance of counsel (223 AD2d 758, 759, *lv denied* 87 NY2d 1020).

Subsequently, defendant's family hired an investigator who interviewed witnesses and assembled affidavits (most from defendant's business associates and members of his immediate family) and documentary evidence in yet another effort to establish that defendant's brother, Ralph Grotto, took the photos at Linda Grotto's residence on August 22, 1992. In addition, defendant produced telephone records and memoranda from his pest control business which, he argues, tend to show that he was on a service call and not at his sister's home at the time of the alleged offense. This "newly discovered" evidence was then presented in support of a motion to vacate the judgment of conviction pursuant to CPL 440.10. Supreme Court denied the motion without a hearing. Defendant appeals by permission of a Justice of this Court and we once again affirm.

We agree with Supreme Court's conclusions that the submissions supporting defendant's CPL 440.10 motion did not constitute newly discovered evidence and that the substantive issues raised on the motion had already been raised and decided against defendant in connection with his CPL 330.30 motion and his unsuccessful direct appeal. First, on defendant's motion to vacate the judgment pursuant to CPL 440.10 (1) (g) it was his burden to show, among other things, that the proffered

evidence was in fact newly discovered, i.e., that it was not discovered until after trial and could not have been discovered before trial with the exercise of due diligence, and is sufficiently probative to likely change the result if a new trial is granted (*see, People v Willard*, 226 AD2d 1014, 1020, *lv dismissed* 88 NY2d 943, *lv denied* 88 NY2d 981; *People v Gurley*, 197 AD2d 534, 535; *see also, People v Salemi*, 309 NY 208, *cert denied* 350 US 950). Significantly, defendant acknowledges that the evidence submitted on the CPL 440.10 motion would have been available to him at the trial in the exercise of due diligence, but he attempts to blame the omission on his former counsel's inadequate pretrial investigation. However, that claim was encompassed within defendant's prior contention that he was denied effective assistance of counsel and as such has been considered and rejected by this Court (223 AD2d 758, *supra*).

In addition, as before, the contention is patently meritless. It is clear from the respective records on this and the prior appeal that defendant, perceiving the damage caused by the inculpatory photographic evidence, mounted a belated effort to undo the harm by in essence "rewriting the script" so as to portray his brother as the individual who took the photos at Linda Grotto's residence. Making little effort to disguise his scheme, defendant repeatedly advises that, had the defense witnesses been "properly prepared", they would not have testified that defendant took the photos; rather, had they been so "prepared", they would instead have testified that it was Ralph Grotto who took them. We are similarly unimpressed with the "new" evidence to support the theory that defendant was on a service call and not at his sister's home on the morning of the wedding. Although supportive of a theory that someone made a call that morning, the proffered showing by no means establishes defendant's alibi.

Defendant's remaining contentions have been considered and found unavailing.

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed.