■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAKIA CHANEY, Appellant. [748 NYS2d 182] —Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Lamont, J.), rendered April 2, 1999 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree, and (2) by permission, from two orders of said court, entered August 29, 2000 and October 30, 2000 in Albany County, which denied defendant's motions pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On May 27, 1998, three events occurred which impacted this defendant. First, he was observed by Detective Scott Gavigan of the City of Albany Police Department as he made a $50 controlled sale of narcotics to a confidential informant. He was not charged with the commission of this crime. Second, defendant, who was operating an automobile, was stopped by the Albany police. He was accompanied by Connie Cooley and two male companions. During the stop, it was determined that defendant did not possess a valid driver's license and he was arrested for aggravated unlicensed operation of a motor vehicle. At that time, he was found to be in possession of the keys to 186 Southern Boulevard in the City of Albany, premises allegedly owned by Cooley in which defendant and the others allegedly resided. Third, acting pursuant to a search warrant, Albany police searched the second floor apartment occupied by these persons and recovered from a padlocked hall closet, inter alia, a plastic bag containing 16 plastic baggies, each containing 10 pieces of crack cocaine and a quantity of money, includ-

ing two of the bills which had been used earlier that evening by the confidential informant when he purchased drugs from defendant. Defendant's convictions of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree were based, inter alia, on this evidence and Cooley's testimony that defendant maintained exclusive control over the hall closet.

On this appeal, defendant's counsel and defendant, pro se, advance numerous arguments for reversal. Careful consideration of the record persuades us that one of these issues has merit and that defendant was denied a fair trial. After jury selection, but prior to opening statements, Supreme Court conducted a *Ventimiglia* hearing, at the conclusion of which a ruling was made permitting the People, on their direct case, to introduce evidence of the uncharged crime of criminal sale of a controlled substance as it was probative of defendant's intent to sell, a required element in establishing criminal possession of a controlled substance in the third degree. It is well established that evidence of uncharged crimes is generally not admissible to prove that a defendant committed a specific crime (*see People v Molineux*, 168 NY 264, 293). However, there are well-recognized exceptions "where the evidence 'tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial'" (*People v Toland*, 284 AD2d 798, 803, *lv denied* 96 NY2d 942, quoting *People v Molineux, supra* at 293). Once a court determines that the evidence is admissible as a matter of law, then discretion should be exercised to determine whether the probative value and need for the evidence outweighs the potential for prejudice. The Court of Appeals has stated the rule in the following language: "Whether evidence of prior crimes may be admitted under the *Molineux* rule is a question of law, not discretion. If the evidence of prior crimes is probative of a legally relevant and material issue before the court, and for that reason not automatically barred under the general rule, admissibility turns on the discretionary balancing of the probative value and the need for the evidence against the potential for delay, surprise and prejudice" (*People v Alvino*, 71 NY2d 233, 242 [citations omitted]).

Supreme Court's decision reveals that analysis of the issue stopped where the evidence was deemed to be admissible as a matter of law. The court's only discussion of the exercise of

discretion involved the admissibility of the buy money, and the conclusion was reached that the discovery of the money was not too remote from the sale so that it was not, as a matter of law, inadmissible pursuant to this Court's holding in *People v Corbitt* (221 AD2d 809, 810). The record does not reveal that any consideration was given to the prejudicial effect of or the need for the evidence of the uncharged crime. In our view, the testimony of the officers who had conducted surveillance of the premises for some time, the testimony of Cooley, the quantity and method of packaging of the drugs in question and the supply of money found in the closet were more than sufficient to eliminate the need to admit evidence of an uncharged prior sale which, of course, was highly prejudicial to defendant's right to a fair trial. Although Supreme Court did give limiting instructions, we are of the view that, under the circumstances of this case, such instructions did not overcome the natural tendency to find guilt based simply on defendant's apparent propensity to commit similar crimes (*see People v Allweiss*, 48 NY2d 40, 46; *People v Zackowitz*, 254 NY 192, 197-198).

Our conclusion that the conviction must be reversed, entitling defendant to a new trial, renders academic his claims that his conviction was not supported by legally sufficient evidence or that it was against the weight of the evidence. As other claims may impact on a retrial, we address them, although we find them to be without merit.

First, since defendant disavowed any interest in the searched premises, he failed to claim any legitimate expectation of privacy and lacks standing to challenge the validity of the search warrant (*see People v Wesley*, 73 NY2d 351, 355; *People v Tronchin*, 233 AD2d 767, 768, *lv denied* 90 NY2d 1015; *People v Howard [Harris] [Greene]*, 213 AD2d 903, 904, *lvs denied* 85 NY2d 973, 974). Defendant's reliance solely on the People's allegations is insufficient (*see People v Wesley, supra* at 358-359). Second, the record clearly reflects that Detective Anthony Ryan stopped defendant while he was operating the vehicle. Ryan knew that one of the occupants was a person he had seen make a sale of a controlled substance to the confidential informant on May 7, 1998. Such knowledge was sufficient to support a reasonable belief that an offense had been committed (*see People v Bigelow*, 66 NY2d 417, 423; *People v McRay*, 51 NY2d 594, 602) and furnishes an appropriate predicate to stop the vehicle. Once stopped, Officer Harold Warner, assisting Ryan, properly arrested defendant for traffic infractions which provided an adequate basis for a search of defendant's person and discovery of the house keys. Defendant's argument that

the stop was pretextual for a seat belt violation is therefore meritless. Third, defendant's request for a missing witness charge due to Ryan's failure to testify was properly denied. His testimony would have been merely cumulative (see People v Macana, 84 NY2d 173, 180; People v Ross, 282 AD2d 929, 930-931, lv denied 96 NY2d 907; People v Townsley, 240 AD2d 955, 958, lv denied 90 NY2d 943). Fourth, the record, viewed in its totality, demonstrates no merit to defendant's contention that he did not receive the meaningful assistance of counsel (see People v Baldi, 54 NY2d 137, 147).

As a final matter, we find no error in Supreme Court's denial of both of defendant's motions pursuant to CPL 440.10. In the first of those motions, the arguments raised presented issues which are directly reviewable on appeal (see CPL 440.10 [2] [b]). Defendant's second motion was based on his claim of newly discovered evidence, consisting of motor vehicle records indicating that his license was not under suspension at the time of his arrest. Contrary to defendant's contentions, this evidence is not "newly discovered" within the meaning of CPL 440.10 (1) (g) since, with the exercise of due diligence, it could have been discovered before trial (see People v Grotto, 241 AD2d 785, 786-787, lv denied 90 NY2d 940). Moreover, even were we to credit defendant's claim that such evidence was exculpatory and should have been disclosed by the People prior to trial (see People v Stevens, 216 AD2d 676, 678, lv denied 87 NY2d 908), there is no reasonable probability that the disclosure of this evidence would have resulted in a different jury verdict (see People v Vilardi, 76 NY2d 67, 77).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and matter remitted to the Supreme Court for a new trial. Ordered that the orders are affirmed.