■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MOORE, Appellant. [874 NYS2d 283]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 31, 2007, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the first degree (two counts) and rape in the first degree.

Defendant and the mother of the victim (born in 1991) were married in 1998, separated in 2003 and then divorced. A custody dispute developed regarding the one child born during the marriage (the victim's half sister) and, shortly before an October 2006 custody hearing, the mother contacted police on behalf of the victim, who related that she had been subjected to sexual contact by defendant during the time he was married to the mother. Thereafter, defendant was charged in a three-count indictment with the crimes of course of sexual conduct against a child in the first degree for acts occurring between November 1998 and the end of January 2001 (*see* Penal Law former

§ 130.75 [a]), course of sexual conduct against a child in the first degree for acts occurring between February 2001 and the end of April 2003 (*see* Penal Law § 130.75 [1] [b]), and rape in the first degree perpetrated between November 19, 1998 and the first week of January 1999. He rejected a plea deal that included five years of incarceration and five years of postrelease supervision. A one-day jury trial ensued, which resulted in a conviction on all counts. County Court sentenced defendant to two consecutive 25-year prison terms for his convictions of course of sexual conduct against a child, a concurrent 25-year prison term for his rape conviction, and five years of postrelease supervision. Defendant appeals.

Initially, we consider defendant's argument that the verdict was against the weight of the evidence. Where, as here, defendant challenges the weight of the evidence and an acquittal would not have been unreasonable, we "must weigh conflicting testimony, review any rational inferences that may have been drawn from the evidence and evaluate the strength of such conclusions" (*People v Danielson*, 9 NY3d 342, 348 [2007]). The victim testified regarding the five years of sexual abuse by defendant beginning when she was seven years old in 1998 and continuing until he no longer resided with the family in 2003. Defendant testified in his own defense, denying that he had engaged in any of the criminal conduct alleged by the victim and implying that she fabricated her story in an attempt to curtail his effort to gain custody of his daughter (the victim's half sister). The jury was faced with significant credibility issues and we discern no reason to depart from its resolution of those issues (*see People v Gayle*, 53 AD3d 857, 859 [2008], *lv denied* 11 NY3d 832 [2008]; *People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]). Having weighed and assessed the evidence in light of the charged elements of the crime (*see People v Johnson*, 10 NY3d 875, 878 [2008]), we are unpersuaded that the verdict was against the weight of the evidence.

We do find merit in defendant's argument that the two counts charging him with course of sexual conduct against a child were multiplicitous. Although this issue was not properly preserved, we exercise our interest of justice jurisdiction to take corrective action with respect thereto (*see* CPL 470.15; *People v Chapman*, 54 AD3d 507, 508 [2008]; *People v Cruz*, 41 AD3d 893, 894 [2007], *lv denied* 10 NY3d 933 [2008]). "The crime of course of sexual conduct against a child in the first degree is a continuing offense" and "[a]n indictment cannot charge a defendant with more than one count of a crime that can be characterized as a

continuing offense unless there has been an interruption in the course of conduct" (*People v Quinones*, 8 AD3d 589, 589-590 [2004], *lv denied* 3 NY3d 710 [2004]). Here, there was no interruption of the course of defendant's alleged conduct. The date used by the prosecution to divide the counts was not a break in the conduct or a change in the age of the child,[1] but was the effective date of an amendment to the statute that increased the permitted age of a victim of this crime from less than 11 to less than 13 (*see* L 2000, ch 1, § 44 [eff Feb. 1, 2001]). If only the earlier statute had remained in effect, defendant would have been properly charged with one count commencing in 1998 and ending with the child's eleventh birthday in 2002. In addition, had the amended statute been in effect at the time that defendant's conduct commenced, he could have been properly charged with one count for his continuous conduct covering the entire five-year period. The amendment of the statute after his course of conduct had commenced, with no concomitant showing of a break in that conduct, cannot serve to create two separate crimes with consecutive sentences under these circumstances. Thus, the conviction of the second count of the indictment must be reversed and that count dismissed (*see People v Cruz*, 41 AD3d at 897).

We further find merit in defendant's contention that without obtaining a proper *Ventimiglia* ruling the People improperly introduced as part of their direct case evidence that defendant had sold marihuana in 2002. That evidence had been addressed within the context of defendant's *Sandoval* application, but *Sandoval* and *Ventimiglia*—while both addressing admissibility of other crimes and bad acts—do so for different purposes with different analyses. *Sandoval* involves a request by a defendant for a pretrial determination, if the defendant should testify, regarding whether (and the extent to which) the People may use prior crimes or bad acts in *cross-examination* (*see e.g.* CPL 240.43; *People v Hayes*, 97 NY2d 203, 207 [2002]; *People v Matthews*, 68 NY2d 118, 121-122 [1986]). Determining the use and scope of such evidence on cross-examination rests largely within the trial court's discretion (*see People v Hayes*, 97 NY2d at 207-208). When the People desire to use such evidence in their *direct* case, they must make a *Ventimiglia* showing before presenting the proof in front of a jury (*see People v Spotford*, 85 NY2d 593, 597 [1995]; *People v Chaney*, 298 AD2d 617, 618 [2002], *lv dismissed and denied* 100 NY2d 537 [2003]). In a *Ventimiglia*

---

1. The victim did not reach her eleventh birthday until nearly 20 months into the 27-month time frame of the second alleged period of course of sexual conduct.

analysis, the trial court addresses first whether the evidence is relevant to a pertinent issue (a question of law typically involving *Molineux* exceptions) and then makes the discretionary determination whether the probative value outweighs the risk for real prejudice (*see People v Till*, 87 NY2d 835, 836-837 [1995]; *People v Wlasiuk*, 32 AD3d 674, 676-677 [2006], *lv dismissed* 7 NY3d 871 [2006]; *People v Taylor*, 2 AD3d 1306, 1308 [2003], *lv denied* 2 NY3d 746 [2004]; Prince, Richardson on Evidence §§ 4-501, 4-502 [Farrell 11th ed]).

At the *Sandoval* hearing, defendant urged County Court not to permit the People to question him regarding a 2002 marihuana violation in the event he testified. County Court ruled that, while it would not permit reference to the violation as a prior crime, it would allow minimal inquiry into defendant's selling of marihuana in 2002 as a prior bad act. Since the People did not indicate (as required by *Ventimiglia*) that they planned to use such proof in their direct case, no analysis was made as to whether the marihuana violation was relevant to a pertinent issue and, if so, whether the probative value outweighed the potential prejudice (*see People v Chaney*, 298 AD2d at 619). However, at trial the prosecution introduced this evidence in its direct case. This was error. The People's assertion on appeal that this proof nevertheless falls within *Molineux* because it was "background information . . . necessary to establish how defendant was able to remain unemployed and simply stay home" is without merit (*see generally People v Resek*, 3 NY3d 385, 389-390 [2004]).

The effect of the error escalated when defendant attempted to explain the marihuana sale in his testimony, resulting in protracted and prejudicial questioning in cross-examination regarding his use of marihuana.[2] The prosecutor further engaged in unduly lengthy questioning of witnesses (and comments during summation) regarding defendant's failure to maintain employment as well as his strict approach to discipline,[3] issues that were marginally relevant as background evidence, but were used in conjunction with his sale of marihuana to attempt to cast him as a bad person in the eyes of the jury

---

2. For example, after a series of questions regarding marihuana sales, the prosecutor asked, "Were you also buying marihuana for the kids, too?" There was no good faith basis for asking this improper question, which could only serve to prejudice the jury against defendant on an issue that was not germane to the allegations against defendant.

3. As for those errors that were not preserved by a proper and timely objection (of which there were many), we exercise our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Russell*, 307 AD2d 385, 387 [2003]). Indeed, we note that so many significant errors occurred without objection

(*see e.g. People v Blair*, 90 NY2d 1003, 1004 [1997] [evidence of prior bad conduct "may not be admitted solely to demonstrate a defendant's bad character"]; *People v Lewis*, 69 NY2d 321, 325 [1987]). The cumulative effect of these errors cannot be considered harmless in light of the proof at trial, which was not overwhelming (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). As such, reversal and a new trial is required. The remaining issues are academic.

Mercure, J.P., Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, count two of the indictment dismissed, and matter remitted to the County Court of Albany County for a new trial on the remaining counts of the indictment.

that, on this record, defendant's ineffective assistance argument appears viable.