The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

David Kenneth SIMON, Defendant–
Appellant.

No. 06CA2229.

Colorado Court of Appeals,
Div. II.

July 9, 2009.

John W. Suthers, Attorney General, Katharine J. Gillespie, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CONNELLY.

Defendant, David Kenneth Simon, was convicted of ten counts of sexual assault on a child by one in a position of trust as part of a pattern of abuse under a former version of section 18–3–405.3, C.R.S. 2008. The trial court imposed enhanced sentences of ten years per count, consecutive to each other and to a twelve-year sentence on a related count of patronizing a prostituted child, for a total sentence of 112 years in prison.

The issue is whether one "pattern" of abuse of one victim may support multiple pattern convictions. Colorado sex assault statutes differ depending on the child's age and the offender's status, but make some such crimes more serious if committed as part of a pattern. See §§ 18–3–405(2)(d), 18–3–405.3(2)(b), C.R.S. 2008. A pattern is "two or more incidents" of sexual contact involving the same victim. § 18–3–401(2.5), C.R.S. 2008.

■ We hold Colorado statutes do not allow, and double jeopardy bars, more than one pattern conviction for a single pattern of abuse against one victim. This holding precludes defendant's ten pattern convictions and his sentence to a century in prison but does not preclude sentencing defendant to many decades in prison.

## I. Background

From 1997 through 1999, defendant had multiple incidents of sexual contact with a troubled teenage boy whom he had taken into his house. The abuse began with acts of prostitution when the boy was fifteen and continued until the boy was seventeen.

Defendant was charged with and convicted of twenty counts of sexual assault on a child by one in a position of trust; the counts were broken into two groups of ten because the "pattern" offense was not added to the position of trust statute until July 1, 1998. See Ch. 314, sec. 33, § 18–3–405.3, 1998 Colo. Sess. Laws 1444. One group charged ten class four sexual assaults on a child occurring on unspecified dates between August 1, 1997 and June 30, 1998, while the other group charged ten class three sexual assaults on a child occurring as part of a pattern on unspecified dates between July 1, 1998 and August 1, 1999. Defendant was also charged and convicted on two counts involving patronizing a prostituted child.

The authorized sentencing range for defendant's class four offenses, without any aggravating facts found by a jury, was two to six years. § 18–1.3–401(1)(a)(V)(A), C.R.S. 2008. After July 1, 1998, committing the assaults as part of a pattern raised the offense to a class three felony and more than quintupled the presumptive range to ten to thirty-two years. See § 18–3–405.3(2)(b) (class three felony pattern offense); § 18–1.3–401(1)(a)(V)(A) (setting presumptive four-to-twelve-year range for class three felonies); § 18–1.3–401(10)(a), C.R.S. 2008 (adding four years to maximum term for "extraordinary risk" crime); § 18–1.3–406, C.R.S. 2008 (requiring sentence to at least the midpoint but not more than twice the maximum of presumptive range for "crime of violence").

Crimes such as these, if committed after November 1, 1998, would also be subject to an indeterminate life sentence under the Colorado Sex Offender Lifetime Supervision Act. See Ch. 303, sec. 1, §§ 16–13–801 to –812, 1998 Colo. Sess. Laws 1278–88 (entire section repealed and reenacted Ch. 318, sec. 2, §§ 18–1.3–1001 to–1012, 2002 Colo. Sess. Laws 1434–44). Because the jury made no findings as to the specific dates of the assaults, however, the parties agreed defendant was not subject to indeterminate sentencing.

The court imposed ten consecutive sentences of ten years each on the pattern counts. It further imposed a consecutive

twelve-year sentence on the count involving a prostituted child. The court imposed six-year sentences on the ten non-pattern counts but ran them all concurrently. Accordingly, defendant was sentenced to a total of 112 years in the Department of Corrections.

The division in a prior appeal vacated the sentences on the pattern counts because the district court had acted under the mistaken belief that consecutive sentences were required. *People v. Simon*, 100 P.3d 487, 495–96 (Colo.App.2004). It remanded the case for the district court to exercise discretion in determining whether to run the pattern sentences consecutively or concurrently. *Id.*

Defendant argued at resentencing that he could not be punished multiple times for a single pattern of sexual abuse. The court rejected this argument and re-imposed enhanced sentences of ten years per pattern count, consecutive to each other and to a twelve-year sentence on the related count involving prostituting the child victim, again for a total of 112 years in prison.

## II. Discussion

■ Whether a defendant who commits a single pattern of sexual abuse may be convicted and sentenced for multiple pattern offenses raises a constitutional double jeopardy issue that turns on legislative intent. *See Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *People v. Abiodun*, 111 P.3d 462, 464–65 (Colo.2005). Our standard of review is de novo. *People v. Stevenson*, ― P.3d ――, ――, 2009 WL 399756, at *6 (Colo.App. No. 06CA1612, Feb. 19, 2009).

■ We must decide what "unit of prosecution" the legislature intended to create. *Sanabria v. United States*, 437 U.S. 54, 69–70, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); *Abiodun*, 111 P.3d at 465 n. 2. "Multiplicity" is the term used to describe "the charging of the same offense in several counts, culminating in multiple punishments." *Quintano v. People*, 105 P.3d 585, 589–90 (Colo.2005). Problems arise where "a series of repeated acts ... are charged as separate crimes even though they are part of a continuous transaction and therefore actually one crime."

*Woellhaf v. People*, 105 P.3d 209, 214 (Colo. 2005). Our specific "inquiry is whether the General Assembly has defined the crime as a continuous course of conduct." *Id.* at 214–15.

■ Where the General Assembly has defined a crime as a continuous course of conduct, a defendant may not be prosecuted for individual acts comprising that course of conduct. The most recent Colorado case illustrating this point is *Roberts v. People*, 203 P.3d 513 (Colo.2009). The court there held that Colorado's consolidated theft statute, section 18–4–401(4), C.R.S. 2008, "not only permits, but in fact requires, all thefts committed by the same person within a six-month period (except any for which jeopardy had already attached before he committed the others), to be joined and prosecuted as a single felony." 203 P.3d at 516. (We note the General Assembly promptly amended the theft statutes after *Roberts*, stating it had always intended "to allow, but not require, aggregation of multiple violations ... into a single offense." *See* Ch. 244, sec. 1(a), 2009 Sess. Laws at ___.)

It is often hard to discern whether a legislature intended to punish an overall "course of conduct." *See* Jeffrey M. Chemerinsky, *Counting Offenses*, 58 Duke L.J. 709, 715 (2009). Here, however, it is patently clear the General Assembly intended to punish the overall course—*i.e.*, the "pattern"—of conduct.

By definition, a "pattern" requires that a defendant engaged in a course of criminal conduct rather than simply individual criminal acts. The statute makes this clear by defining "pattern of sexual abuse" as "*two or more incidents* of sexual contact involving a child when such offenses are committed by an actor upon the same victim." § 18–3–401(2.5) (emphases added). The General Assembly thus recognized that a "pattern" case will often involve more than two criminal incidents.

Legislative history confirms the intent to punish the overall course of conduct directed at a single victim. The original pattern provisions were included because the General Assembly understood "the difficulties young children have" in separating related acts of abuse and intended to "proscribe a kind of

pattern of sexual abuse conduct which it consider[ed] to be of greater social consequence and which merits greater punishment." *People v. Longoria*, 862 P.2d 266, 270–71 (Colo.1993). Indeed, the experienced prosecutor who testified in support of the new statute answered "[p]robably not" to a legislator's question whether a defendant who committed 300 abuse crimes against a single victim could be charged with 300 pattern counts. *See* Hearings on H.B. 1075 before the S. Comm. on Judiciary, 57th Gen. Assemb., 1st Sess. (May 3, 1989) (testimony of former Denver Chief Deputy District Attorney Karen Steinhauser). She added that while a pattern offender likely could not be charged with a pattern offense for each individual incident, the new pattern statute "makes the penalty greater, which is more in line with what it should be." *Id.*

Construing a pattern as a course of conduct is also supported by decisions in analogous cases. As the Sixth Circuit wrote:

> States have the authority to enact criminal statutes regarding a "pattern" or a "continuing course" of abuse. They do not have the power to prosecute one for a pattern of abuse through simply charging a defendant with the same basic offense many times over.

*Valentine v. Konteh*, 395 F.3d 626, 634 (6th Cir.2005) (footnote omitted).

The New Hampshire Supreme Court has explained that "[w]hen seeking convictions on multiple pattern indictments that charge numerous assaults within a common time frame inflicted on a single victim, ... the pattern indictments cannot rely on the same underlying act or acts to comprise the charged pattern." *State v. Richard*, 147 N.H. 340, 786 A.2d 876, 879 (2001), *discussed in State v. Jennings*, 155 N.H. 768, 929 A.2d 982, 991 (2007). Similarly, New York courts have held that because the "crime of course of sexual conduct against a child in the first degree is a continuing offense," "[a]n indictment cannot charge a defendant with more than one count of [that] crime ... unless there has been an interruption in the course of conduct." *People v. Moore*, 59 A.D.3d 809, 874 N.Y.S.2d 283, 285 (2009) (quoting and following *People v. Quinones*, 8 A.D.3d 589, 779 N.Y.S.2d 131, 132 (2004)).

The statutory text, legislative history, and case law construing analogous statutes thus make clear that what is being punished is the overall course of conduct—the "pattern"—rather than just individual incidents of abuse. What complicates matters is that the General Assembly did not proscribe simply the pattern but also proscribed individual criminal incidents. The present case is different in that respect from *Roberts*, which construed Colorado's consolidated theft statute as it then existed to preclude prosecution for individual acts of theft within the defined course of conduct. *See* 203 P.3d at 516.

That prosecutors may bring multiple counts for individual incidents of abuse does not mean they may seek multiple enhanced punishments for a single pattern of abuse. We find nothing in the former or current statute to support defendant's contention that prosecutors are precluded from bringing multiple class four felony counts for separate crimes involving the same pattern and victim. We agree with defendant, however, that he may not be convicted on multiple *pattern* counts for a single pattern.

We reject the suggestion that multiple pattern sentences may be imposed for one pattern because individual incidents are the crimes and the pattern element is a "sentence enhancement." Labeling such an elemental fact "a 'sentence enhancement' rather than a separate crim[e]" is "irrelevant for constitutional purposes." *United States v. Booker*, 543 U.S. 220, 231, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (discussing *Apprendi v. New Jersey*, 530 U.S. 466, 478, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Under the statutes as drafted, and consistent with *Apprendi* and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), defendant could be convicted and sentenced for a pattern of sexual abuse only if the pattern was proved to and found by a jury beyond a reasonable doubt. It should follow that the "pattern" was an element of the "offence" for double jeopardy purposes. *See Sattazahn v. Pennsylvania*, 537 U.S. 101, 111, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003) (plurality opinion of Scalia, J.) ("We can

think of no principled reason to distinguish, in this context, between what constitutes an offense for purposes of the Sixth Amendment's jury-trial guarantee and what constitutes an 'offence' for purposes of the Fifth Amendment's Double Jeopardy Clause.").

We recognize that *People v. Bobrik,* 87 P.3d 865 (Colo.App.2003), concluded there can "be multiple patterns for each victim" because the statutory definition "is not limited to one pattern for each victim." *Id.* at 870. To the extent this simply means that one pattern of abuse by the same defendant against the same victim may end and another begin at a different time or location, it is consistent with decisions of other courts construing similar statutes. *See, e.g., Moore,* 874 N.Y.S.2d at 285; *Jennings,* 929 A.2d at 991. But to the extent *Bobrik* held more broadly that "there can be one pattern count for each underlying substantive count," 87 P.3d at 870—even if the pattern in each count is the same—the holding is unsupported, and we decline to follow it.

To the extent Colorado statutes are unclear regarding whether the allowable unit of prosecution for one pattern is a single pattern count, any doubt must be resolved in defendant's favor under the rule of lenity. *See United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 224–26, 73 S.Ct. 227, 97 L.Ed. 260 (1952); *People v. Lowe,* 660 P.2d 1261, 1269 (Colo.1983). This "venerable rule"—which provides "the tie must go to the defendant" where a criminal statute is ambiguous—applies in all criminal cases. *United States v. Santos,* 553 U.S. ——, ——, 128 S.Ct. 2020, 2025, 170 L.Ed.2d 912 (2008) (plurality opinion of Scalia, J.). But outside the double jeopardy context, Colorado courts apply it "reluctantly," as a "rule of last resort," only where legislative intent remains hopelessly obscure. *People v. Summers,* 208 P.3d 251, 258 (Colo.2009) (citing *People v. Thoro Products Co.,* 70 P.3d 1188, 1198 (Colo.2003)).

The rule of lenity applies with heightened force in double jeopardy cases involving the appropriate unit of prosecution. It does so "precisely because" this is a unique area in which legislatures have the ultimate "prerogative" to frame constitutional protections: "As long as the general as-

sembly *makes clear its intent* to punish the same offense with more than one conviction and sentence, it is not constitutionally prohibited from doing so." *Abiodun,* 111 P.3d at 464–65 (emphasis added; citing *Missouri v. Hunter,* 459 U.S. at 368–69, 103 S.Ct. 673); *see* Nancy J. King, *Portioning Punishment: Constitutional Limits on Successive and Excessive Penalties,* 144 U. Pa. L.R. 101, 115 (1995) ("the legislative deference approach" to double jeopardy "mandates a presumption, favorable to defendants" against multiple punishments in unclear cases).

Thus, not only is the rule of lenity applied often in the double jeopardy context, *see Abiodun,* 111 P.3d at 468 (citing cases), it is applied more than just as a last-ditch tie-breaker. Multiple convictions have been precluded "whenever the [legislative intent] for their existence is less than clear." *Lowe,* 660 P.2d at 1268; *accord Bell v. United States,* 349 U.S. 81, 84, 75 S.Ct. 620, 99 L.Ed. 905 (1955) (multiple punishments precluded where Congress did not fix them "clearly and without ambiguity"), *discussed in* Note, *The New Rule of Lenity,* 119 Harv. L.R. 2420, 2422–23 (2006), and Jack Balderson, Jr., *Temporal Units of Prosecution and Continuous Acts,* 36 San Diego L.R. 195, 201, 247 (1999).

We conclude a defendant who engages in only one pattern of sexual abuse may be convicted and sentenced on only one pattern count. Thus, if defendant is to be sentenced for a class three felony pattern crime, he may be sentenced to a maximum term of thirty-two years in prison, which may run consecutively to the twelve-year sentence for the legally distinct prostitution count.

### III. Conclusion

The ten consecutive sentences on the pattern counts are vacated, and the case is remanded for resentencing in accordance with this opinion.

Judge ROY concurs.

Judge CASEBOLT dissents.

Judge CASEBOLT dissenting.

Because I conclude that Colorado statutes allow, and principles of double jeopardy do not preclude, more than one pattern of abuse enhancement connected to separate charges and separate acts of sexual assault on a child by one in a position of trust, I respectfully dissent.

In *People v. Simon,* 100 P.3d 487 (Colo. App.2004), a division of this court affirmed the trial court's judgment of conviction for ten counts of sexual assault on a child by one in a position of trust as part of a pattern of abuse. However, the trial court had imposed consecutive sentences on these convictions, believing that consecutive sentences were mandatory. Disagreeing with that conclusion, the division vacated the sentences in their entirety and remanded the case so that the court could reconsider whether to impose consecutive or concurrent sentences on the pattern of abuse counts. *Id.* at 495–96.

At the resentencing hearing, defendant argued that what is now section 18–3–405.3, C.R.S. 2008, the statute under which he was convicted, was intended to punish two types of conduct: an isolated instance of sexual assault on a child by one in a position of trust, or sexual assault on a child over a period of time as a pattern. But counsel argued that the statute did not permit and the legislative history did not contemplate multiple patterns being charged or punished multiple times.

The trial court, citing *Woellhaf v. People,* 105 P.3d 209 (Colo.2005), observed that, if the convictions here were acts occurring during the same criminal episode, it would have to consider the convictions as one act and sentence accordingly. *See id.* at 215–16. However, because the jury found for each pattern of abuse count that the act was "separate and distinct from any other act for which [it] found the defendant guilty," the court concluded that it had discretion to impose either concurrent or consecutive sentences for the multiple offenses. It then reimposed the original, 112–year cumulative sentence.

Defendant contends, and the majority agrees, that the pattern of abuse statutes, now found at sections 18–3–401(2.5) and 18–3–405.3(2)(b), C.R.S. 2008 (with amendments not relevant here), do not permit the trial court to enter multiple pattern convictions. Instead, the majority concludes that the statutes permit only one conviction and sentence for acts constituting a pattern of abuse. I disagree with that determination.

At the time of defendant's conviction, the statutes at issue here stated, in pertinent part:

(1) Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child by one in a position of trust if the victim is a child less than eighteen years of age and the actor committing the offense is one in a position of trust with respect to the victim.

(2) Sexual assault on a child by one in a position of trust is a class 3 felony if:

. . .

(b) The actor commits the offense as a part of a pattern of sexual abuse as described in subsection (1) of this section. No specific date or time need be alleged for the pattern of sexual abuse; except that the acts constituting the pattern of sexual abuse must have been committed within ten years prior to the offense charged in the information or indictment. The offense charged in the information or indictment shall constitute one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse as defined in section 18–3–401(2.5).

Ch. 314, sec. 33, § 18–3–405.3, 1998 Colo. Sess. Laws at 1444. A pattern of sexual abuse was defined then, as now, as "the commission of two or more incidents of sexual contact involving a child when such offenses are committed by an actor upon the same victim." § 18–3–401(2.5).

A court's task in construing statutes is to give effect to the intent of the General Assembly. *People v. Dist. Court,* 713 P.2d 918, 921 (Colo.1986). We look first to the plain language of the statute before invoking alternative canons of statutory construction. *People v. Banks,* 9 P.3d 1125, 1128 (Colo.2000). We give statutory words and phrases their plain and ordinary meaning. *People v. Dist. Court,* 713 P.2d at 921. If the language is

unambiguous and the intent appears with reasonable certainty, there is no need to resort to other rules of statutory construction. *Id.*

The majority premises its holding on the interplay between section 18–3–405.3(1), which sets forth the substantive offense of sexual assault on a child by one in a position of trust, and section 18–3–401(2.5), which defines "pattern of abuse." It holds that, if a defendant commits two or more acts of sexual abuse against the same victim, he or she commits just one "pattern of abuse," which can be punished only once as a class three felony under section 18–3–405.3(2)(b). In my view, the plain language of the statutes does not support that conclusion.

It is the legislature's prerogative to establish and define criminal offenses by defining the "unit of prosecution," which is "the manner in which a criminal statute permits a defendant's conduct to be divided into discrete acts for purposes of prosecuting multiple offenses." *Woellhaf,* 105 P.3d at 215. In *Woellhaf,* the supreme court concluded that the General Assembly had defined the unit of prosecution in section 18–3–405 (sexual assault on a child) and 18–3–405.3 (sexual assault on a child by one in a position of trust) as "any sexual contact." It then determined that multiple types of sexual contact occurring during the same incident amount to just one offense, *id.* at 216, unless there is evidence, and the jury finds, that factual distinctions allow differentiation where the contacts occur in different locations, where they are based on new volitional departures, or where they are separated by intervening events. *Id.* at 218–19.

The statute here makes it clear that when the actor commits "the offense" (which I construe to be the act of sexual assault on a child charged in the information or indictment) as part of a pattern of sexual abuse, the felony level is enhanced to a class three felony from a class four felony. I do not perceive that only *one* offense out of many charged may be elevated to a class three felony. As long as each charged offense constitutes a separate act that qualifies as a separate unit of prosecution, *see id.* at 219, I see no language in the statute to preclude

each offense that is found to be part of a pattern from being elevated to a class three felony.

The majority concludes that, because section 18–3–401(2.5) defines a "pattern of abuse" as two or more unlawful acts against the same victim, there can only be one "pattern" charged, no matter how many separate incidents of sexual contact occur. However, the definitional language of section 18–3–401(2.5) does not demonstrate a legislative intent or direction that a "pattern of abuse" is itself a substantive offense. Section 18–3–405.3(1) sets forth the substantive offense of sexual assault on a child by one in a position of trust. The offense becomes a class three felony under subsection (2)(b) if "the actor commits *the offense as a part of a pattern* of sexual abuse" (emphasis supplied). Therefore, the unit of prosecution remains the substantive offense of sexual assault on a child by one in a position of trust. The plain language of the statute specifies that the prosecutable crime is the sex offense, and it does not create a different, single substantive offense of "pattern" sexual assault on a child when the offense occurs two or more times.

I recognize that the statute in effect at the time defendant committed his offenses required that the "acts constituting the pattern of sexual abuse" must have been committed within the ten years before to the offense charged. I do not read this language to lend support to a conclusion that the "acts" committed as part of the pattern must be charged and prosecuted as one offense. Rather, the ten-year provision was a statute of limitations for the number of offenses that could be charged against a defendant. *See* § 18–3–405.3(2)(b) (statute was amended and now provides that, under section 16–5–401(1)(a), C.R.S. 2008, there is no time limitation for bringing charges of sexual assault on a child).

Here, there is no dispute that the jury found the sexual assault-position of trust as part of a pattern of abuse counts to be supported by separate acts occurring at separate times or to constitute different volitional departures. *Cf. Woellhaf,* 105 P.3d at 216 (sexual assault on a child statute was not intended to allow separate punishments for

every touching that transpires within a single act). Thus, the pattern of abuse provision operated to enhance the felony class of each act of sexual assault. *See People v. Longoria,* 862 P.2d 266, 269 (Colo.1993) (referring to the pattern of abuse provision in section 18–3–405 as a "sentence enhancement statute" and noting that the pattern charge "increases the punishment for sexual assault on a child from a class 4 felony to a class 3 felony if the jury also finds that the offense was committed as a part of a pattern of sexual abuse"); *People v. Bowring,* 902 P.2d 911, 915 (Colo.App.1995) (discussing pattern of abuse as a sentence enhancer).

I also note that a division of this court in *People v. Bobrik,* 87 P.3d 865 (Colo.App. 2003), rejected the defendant's argument that only one pattern sentence enhancer could apply to the time period alleged for each victim. There, the defendant argued that the counts beyond the first charge, or "predicate offense," amounted to one pattern of sexual abuse. The division concluded that, because the language in section 18–3–401(2.5) defining "pattern of sexual abuse" is not limited to one pattern for each victim, there can be one pattern enhancement count for each underlying substantive count. *Id.* at 870. While the majority asserts that the *Bobrik* conclusion is unsupported, I perceive clear support for it in the plain language of the statute.

The majority's construction of the statute would defeat the legislative purpose behind the addition of the "pattern of abuse" enhancement to section 18–3–405.3. The statutory language reflects the General Assembly's intent to punish the crime of sexual assault on a child by one in a position of trust, however many times it is charged and proved, more severely when the crime is committed repeatedly against the same victim. *See Longoria,* 862 P.2d at 270 (when the legislature enacted the pattern of abuse sentence enhancement, it intended that "the very serious nature of a continuing pattern of sexual abuse on a child" should be a "real concern" for the sentencing court to consider).

I also disagree that the supreme court's recent opinion in *Roberts v. People,* 203 P.3d 513 (Colo.2009), affects this conclusion. In *Roberts,* the supreme court interpreted the language of section 18–4–401, C.R.S. 2008, the theft statute. The statute provides that thefts are subject to punishment as misdemeanors or certain classes of felonies according to the value of the thing or things taken. However, section 18–4–401(4), C.R.S. 2008, specifically provides that a person who commits theft "twice or more within a period of six months" commits either a class three or four felony based on the aggregate value of "the things involved." The court determined that the language of subsection (4) requires that all thefts committed by the same person in a six-month period must be joined and prosecuted as a single count. *Id.* at 516–17.

The theft statute sets forth the class of felony of which a defendant is guilty based not on the individual multiple acts of theft, but rather on the aggregate value of the things taken. In contrast, neither section 18–3–401(2.5) nor section 18–3–405.3(2)(b) contains specific language directing that multiple incidents of sexual assault on a child must be prosecuted as one offense. Rather, section 18–3–405.3(2) provides that "the offense" is to be punished as a class three felony if it is committed repeatedly by the same person against the same victim.

Therefore, I reject the majority's interpretation of the statutes. Instead, I would conclude the trial court properly imposed a separate sentence on defendant for each of the ten pattern counts. And because I conclude that the plain language of the statute does not support defendant's interpretation, I would not address his arguments regarding legislative history. *See People v. Zapotocky,* 869 P.2d 1234, 1238 (Colo.1994) (clear and unambiguous statutory language must be interpreted as written without resort to interpretive rules and statutory construction); *People v. O'Dell,* 53 P.3d 655, 657 (Colo.App. 2001) (declining to consider legislative history where the statutory language was plain and unambiguous).

My interpretation does not subject a defendant to double jeopardy. The Double Jeopardy Clause protects against three distinct types of governmental action: a second prosecution for the same offense after acquit-

tal; a second prosecution for the same offense after conviction; and imposition of multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Deutschendorf v. People*, 920 P.2d 53, 56 (Colo. 1996). The third type is at issue here.

For double jeopardy purposes, to establish that multiple punishments are being imposed, a defendant must show that (1) he or she is being subjected to separate proceedings; (2) the conduct precipitating the separate proceedings consisted of one offense; and (3) the penalties or sanctions in each of the proceedings may be considered "punishment." *See Luk v. Commonwealth*, 421 Mass. 415, 658 N.E.2d 664 (1995); *People v. Olson*, 921 P.2d 51, 53 (Colo.App.1996).

Here, even assuming defendant could satisfy factors one and three, he cannot show that his ten separate acts of sexual abuse consist of just one offense, a pattern. The pattern is not the offense—the separate charge of sexual assault on a child is the offense. Nor is the enhancing factor of pattern of abuse the same for each act. Instead, as the statute specifically directs, the offense charged in the information or indictment constitutes one of the incidents of sexual contact necessary to form a pattern. Because each underlying sexual assault here is different, as the jury found, the enhancing factor for each conviction is predicated on different conduct and, thus, is not a single offense.

The majority cites the court's admonition in *Valentine v. Konteh*, 395 F.3d 626, 634 (6th Cir.2005), that states "do not have power to prosecute one for a pattern of abuse through simply charging a defendant with the same basic offense many times over." But that is not what the Colorado statute permits. Instead, it merely enhances each different and distinct offense when the particular offense is part of a pattern.

For similar reasons, the majority's reliance on *State v. Richard*, 147 N.H. 340, 786 A.2d 876, 879 (2001), is misplaced. The New Hampshire pattern statutes there provided that a person commits "aggravated felonious sexual assault when such person engages in a pattern of sexual assault against another per-son," and defined "pattern of sexual assault" as "committing more than one act [proscribed by sexual assault statutes] ... upon the same victim over a period of 2 months or more and within a period of 5 years." N.H.Rev.Stat. Ann. §§ 632–A:2(III) & 632–A:1(I–c). That case noted that "pattern indictments cannot rely on the same underlying act or acts to comprise the charged pattern." 786 A.2d at 879. Again, our statute does not do so, because it specifies that the offense charged in the information or indictment (meaning each individually charged offense) shall constitute one of the incidents necessary to form a pattern. Hence, each separately charged offense, as long as it constitutes a separate unit of prosecution, becomes, when proved, a part of a larger pattern that enhances the sexual assault on a child crime.

I also note that the court in *Richard* specifically approved multiple indictments for pattern of abuse when each "charged a particular variant of sexual assault different from the type charged in the other patterns. Because each pattern indictment did not rely upon any act charged in another pattern indictment, the same pattern was never charged twice." 786 A.2d at 879. The same analysis obtains here, because the prosecution charged sexual assault on a child by one in a position of trust as part of a pattern ten separate times and presented evidence delineating at least ten different sexual contacts at different times and places, based on "new volitional departures," "separated by intervening events." *Woellhaf*, 105 P.3d at 218–19; *see State v. Jennings*, 155 N.H. 768, 929 A.2d 982, 989 (2007) (pattern sexual assault statute allows the charging of multiple patterns involving the same type of sexual assault when the indictments each rely upon a different set of acts and each set of acts is alleged to have occurred during a different time frame and at a different location).

I also disagree with the majority's reliance upon *People v. Moore*, 59 A.D.3d 809, 874 N.Y.S.2d 283 (2009), to reach its determination that the Colorado pattern of abuse statute defines a continuing offense. The *Moore* court noted specifically that the crime proscribed in the New York statute was a continuing offense, and there is no doubt that it

so states. *See* N.Y. Penal Law § 130.75(1) ("A person is guilty of course of sexual conduct against a child in the first degree when, over a period of time not less than three months in duration: (a) he or she engages in two or more acts of sexual conduct ... with a child less than eleven years old; or (b) he or she, being eighteen years old or more, engages in two or more acts of sexual conduct ... with a child less than thirteen years old.").

Here, in contrast to the New York statute, the pattern of abuse provision does not define a course of sexual conduct as the substantive crime, nor is it designated as the crime itself; instead, it enhances the underlying crime of sexual assault on a child.

The majority's use of *Apprendi v. New Jersey,* 530 U.S. 466, 478, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and related cases in its analysis is confusing at best. There is no dispute here that the jury found the existence of a pattern beyond a reasonable doubt as to each of the ten charged offenses. Hence, it does not matter that labeling the pattern element as a "sentence enhancement, rather than a separate crime" is "irrelevant for constitutional purposes."

In sum, I perceive no basis to conclude that the pattern of abuse sentence enhancement is a separate crime or constitutes a continuous course of conduct that allows only one conviction when multiple separate sexual assault crimes have been charged and proved. Accordingly, I respectfully dissent.