The PEOPLE of the State of Colorado, Petitioner

v.

David Kenneth SIMON, Respondent.

Thomas Dean Tillery, Petitioner

v.

The People of the State of Colorado, Respondent.

Nos. 09SC665, 09SC1043.

Supreme Court of Colorado, En Banc.

Dec. 19, 2011.

Rehearing Denied Jan. 23, 2012.

John W. Suthers, Attorney General, Katharine J. Gillespie, Assistant Attorney General, Denver, Colorado, Attorneys for The People of the State of Colorado.

Douglas K. Wilson, Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, Colorado, Attorneys for David Kenneth Simon.

Douglas K. Wilson, Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, Colorado, Attorneys for Thomas Dean Tillery.

Justice MÁRQUEZ delivered the Opinion of the Court.

In this opinion, we review decisions in two court of appeals cases, *People v. Simon,* 219 P.3d 789 (Colo.App.2009), and *People v. Tillery,* 231 P.3d 36 (Colo.App.2009).

Colorado's sexual assault statutes authorize the possibility of greater punishments for sexual crimes against children that are committed "as a part of a pattern of sexual abuse." Relevant here, section 18–3–405.3 makes a single incident of sexual assault on a child by one in a position of trust a class 4 felony where the victim is at least fifteen years old but less than eighteen years old; however, the offense is elevated to a class 3 felony if committed "as a part of a pattern of sexual abuse." § 18–3–405.3(2)(b), (3), C.R.S. (2011). Similarly, section 18–3–405 makes sexual assault on a child a class 4 felony, but the crime is elevated to a class 3 felony if committed "as a part of a pattern of sexual abuse." § 18–3–405(2)(d), C.R.S. (2011). The General Assembly has defined a "pattern of sexual abuse" as the commission of "two or more incidents of sexual contact" involving the same child victim. § 18–3–401(2.5), C.R.S. (2011).

The common issue presented by these cases is whether these statutory provisions and principles of double jeopardy permit only one class 3 felony conviction and sentence for a single "pattern" of abuse that comprises two or more incidents of sexual assault, or whether instead, each separate act of sexual assault that composes a single "pattern" of abuse may be elevated to a class 3 felony.

In *Simon,* a divided division of the court of appeals held that section 18–3–405.3(2)(b) and double jeopardy principles prohibit the trial court from entering multiple class 3 convictions and sentences for Simon's ten counts of sexual assault on a child by one in a position of trust, where those acts composed a single pattern of abuse against one victim. *Simon,* 219 P.3d at 790–93.

In *Tillery,* a different division of the court of appeals disagreed with the reasoning in *Simon.* Discerning no double jeopardy violation, the division upheld Tillery's multiple class 3 convictions and enhanced sentences under section 18–3–405(2)(d), for five counts of sexual assault on one child that composed a single pattern of abuse. *Tillery,* 231 P.3d at 40, 48–50.

We granted certiorari review in both cases.[1] We now hold that these statutes unambiguously allow each separately charged incident of sexual assault (i.e., sexual assault on a child, or sexual assault on a child by one in a position of trust) to be elevated to a class 3 felony, where each incident is committed as part of a pattern of sexual abuse. We further hold that these statutes, construed according to their plain language, do not violate the double jeopardy protection against multiple punishments under either the U.S. or the Colorado Constitution.

## I. *Facts and Proceedings Below*

### a. People v. Simon

David Simon's convictions stem from multiple incidents of sexual contact he had with a troubled teenage boy who had drug-addiction and family problems. The abuse began in 1997 when the victim was fifteen and continued until 1999 when he was seventeen. In

---

1. In *Simon,* we granted certiorari review on:
Whether each crime for sexual assault between a defendant and his victim can be enhanced, from a class four felony to a class three felony, if the crime is one of the acts that constitutes part of the pattern of abuse.

In *Tillery,* we granted certiorari review on:
Whether the court of appeals erred by holding that section 18–3–405(2)(d), C.R.S., authorizes conviction and sentencing of more than one pattern of sexual abuse charge against a single victim.

the beginning, Simon paid the boy for the sexual acts; he later took the boy into his home when the boy's parents moved. Simon had sexual contact with the boy multiple times a week during the two-year period.

Relevant here, a jury convicted Simon of ten counts of sexual assault by one in a position of trust as part of a pattern of abuse, in violation of section 18–3–405.3(1), (2)(b), C.R.S. (1998) (Counts 1–10). These counts were based on acts committed between July 1, 1998, and August 1, 1999, as part of a pattern of abuse against the victim. Each count was charged as a class 3 felony.[2]

Simon did not dispute that any of the sexual acts occurred. Rather, his defense at trial was that the acts were consensual and that he was not in a position of trust relative to the victim.[3]

For each count of sexual assault on a child by one in a position of trust committed as "part of a pattern," the jury verdict form stated the following:

I. We, the jury, find the defendant, DAVID KENNETH SIMON, NOT GUILTY of SEXUAL ASSAULT ON A CHILD BY ONE IN A POSITION OF TRUST. (Between and including July 1, 1998 and August 1, 1999)

[signature line for foreperson]

II. We, the jury, find the defendant, DAVID KENNETH SIMON, GUILTY of SEXUAL ASSAULT ON A CHILD BY ONE IN A POSITION OF TRUST. (Between and including July 1, 1998 and August 1, 1999)

[signature line for foreperson]

The second page of the verdict form for each such count included the following interrogatory:

If you find the defendant guilty of SEXUAL ASSAULT ON A CHILD BY ONE IN A POSITION OF TRUST, you must also complete this section by placing, in ink, an "X" in the appropriate box indicating your decision. ONLY ONE SQUARE may be filled in, with the remainder to remain unmarked.

[ ] We, the jury, unanimously find, beyond a reasonable doubt, that the defendant committed this act as part of a pattern of sexual abuse.

[ ] We, the jury, do not find that the defendant committed this act as part of a pattern of sexual abuse.

[signature line for foreperson]

For Counts 2 through 9, this second page also included the following interrogatory:

[ ] We, the jury, unanimously find, beyond a reasonable doubt, that the defendant committed all the acts of sexual contact described by [the victim] between and including July 1, 1998 and August 1, 1999.

–OR–

[ ] We, the jury, unanimously find, beyond a reasonable doubt, that the defendant committed the same act of sexual contact described by [the victim] between and including July 1, 1998 and August 1, 1999. This act is separate and distinct from any other act for which we found the defendant guilty.

[signature line for foreperson]

The trial court also gave the jury the following instruction:

The evidence in this case raises issues concerning several incidents of alleged sexual assault by one in a position of trust. In order to find a pattern of sexual abuse

---

**2.** Simon was also charged with and convicted of ten counts of sexual assault on a child by one in a position of trust (not as a pattern of abuse), in violation of section 18–3–405.3(1)–(2), C.R.S. (1997). These counts were charged as class 4 felonies because they were based on acts committed before the July 1, 1998, effective date of the legislative amendment adding the "pattern" provision to section 18–3–405.3. *See* ch. 314, sec. 33, § 18–3–405.3, 1998 Colo. Sess. Laws 1433, 1444. Finally, Simon was also charged with and convicted of one count of patronizing a prostituted child, in violation of section 18–7–406, C.R.S.

(1997), and one count of inducement of child prostitution, in violation of section 18–7–405.5, C.R.S. (1997).

**3.** At the time of the incidents leading to Simon's convictions, the age of consent was fifteen, absent a position of trust. *Compare* § 18–3–405(1), C.R.S. (1998) (prohibiting sexual assault on a child under age fifteen), *with* § 18–3–405.3, C.R.S. (1998) (prohibiting sexual assault on a child under age eighteen where the actor is in a position of trust relative to the victim).

(as alleged in Counts One through Ten) you must unanimously agree that either of the following has been proven:

1. The Defendant committed all of the incidents of sexual contact described by the evidence between and including July 1, 1998 and August 1, 1999. The jurors must unanimously agree that all of the incidents of sexual contact have been proven beyond a reasonable doubt;

or

2. The Defendant committed two or more incidents of sexual contact with [the victim] described by the evidence between July 1, 1998 and August 1, 1999. The jurors must unanimously agree that the same two or more incidents have been proven beyond a reasonable doubt.

The jury convicted Simon on all counts and marked the interrogatory for each pattern count, thereby indicating that Simon "committed this act as part of a pattern of sexual abuse." For pattern Counts 2 through 9, the jury unanimously found, beyond a reasonable doubt, that Simon committed the same act of sexual contact described by the victim, and that this act was "separate and distinct from any other act" for which it found Simon guilty, and marked the corresponding interrogatories accordingly.

The trial court imposed a 112–year sentence: ten consecutive ten-year sentences on the position of trust (pattern) counts; two concurrent twelve-year sentences on the counts involving a prostituted child, to run consecutively to the pattern counts; and ten concurrent six-year sentences on the position of trust (nonpattern) counts.

On his first direct appeal, the court of appeals affirmed the convictions but vacated the sentences on the pattern counts because the trial court mistakenly believed that consecutive sentences were mandatory on these counts. *People v. Simon*, 100 P.3d 487, 495–96 (Colo.App.2004). On remand, the trial court exercised its discretion to impose the same 112–year sentence.

Simon appealed again, arguing that (1) he could not be convicted and sentenced multiple times for a single pattern of sexual abuse by one in a position of trust, and (2) the trial

court abused its discretion in imposing a 112–year sentence. In a 2–1 decision, a division of the court of appeals agreed with Simon on the first issue, concluding that "Colorado statutes do not allow, and double jeopardy bars, more than one pattern conviction for a single pattern of abuse against one victim." *People v. Simon*, 219 P.3d 789, 790 (Colo. App.2009).

The *Simon* majority called the question a "constitutional double jeopardy issue that turns on legislative intent." *Id.* at 791. To discern the General Assembly's intent, the majority relied on the separate statutory definition of "pattern of sexual abuse" in section 18–3–401(2.5); the legislative history of H.B. 89–1075 ("An Act Concerning the Enhancement of the Penalty for the Crime of Sexual Abuse on a Child When There is a Pattern of Sexual Abuse."), which added the pattern provision to section 18–3–405(2)(c) (Sexual assault on a child); and case law from New Hampshire and New York construing those states' statutes. *Id.* at 791–92. The majority concluded from these sources that the General Assembly intended to punish the "overall course of conduct—the 'pattern'—rather than just individual incidents of abuse." *Id.* at 792.

In arriving at this conclusion, the majority acknowledged that nothing in the statute precludes the prosecution from bringing separate charges for separate crimes involving the same pattern and same victim. *Id.* Nevertheless, the majority agreed with Simon that double jeopardy principles bar multiple enhanced punishments for a single pattern of abuse; in other words, a defendant "may not be convicted on multiple *pattern* counts for a single pattern." *Id.* The court of appeals therefore vacated Simon's ten consecutive sentences on the pattern counts and remanded the case for resentencing. *Id.* at 793.

In reaching this result, the majority rejected the People's assertion that multiple pattern charges and sentences are permissible because a "pattern" finding is merely a sentence enhancer. *Id.* at 792. The majority reasoned that, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny, labeling the pattern finding a " 'sentence enhance-

ment'" is "'irrelevant for constitutional purposes.'" *Id.* (quoting *United States v. Booker*, 543 U.S. 220, 231, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). The majority observed that, consistent with *Apprendi* and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Simon "could be convicted and sentenced for a pattern of sexual abuse only if the pattern was proved to and found by a jury beyond a reasonable doubt." *Id.* Thus, the majority concluded, "[i]t should follow that the 'pattern' was an element of the 'offence' for double jeopardy purposes." *Id.* (citing *Sattazahn v. Pennsylvania*, 537 U.S. 101, 111, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003) (plurality opinion) ("We can think of no principled reason to distinguish, in this context, between what constitutes an offense for purposes of the Sixth Amendment's jury-trial guarantee and what constitutes an 'offence' for purposes of the Fifth Amendment's Double Jeopardy Clause.")).

In dissent, Judge Casebolt reasoned that the statutes allow, and double jeopardy principles do not preclude, separate convictions and enhanced sentences for separate acts of sexual assault on a child by one in a position of trust. *Id.* at 794. He observed that the majority premised its holding on the interplay between section 18–3–405.3(1), which sets forth the substantive offense of sexual assault on a child by one in a position of trust, and section 18–3–401(2.5), which separately defines the term "pattern of sexual abuse." *Id.* at 795. Judge Casebolt reasoned that "the definitional language of section 18–3–401(2.5) does not demonstrate a legislative intent or direction that a 'pattern of abuse' is itself a substantive offense." *Id.* Rather, he reasoned, the plain language of section 18–3–405.3(1) specifies that the prosecutable crime is sexual assault on a child by one in a position of trust. That offense becomes a class 3 felony if "'the actor commits the offense as a part of a pattern of sexual abuse,'" *id.* (quoting § 18–3–405.3(2)(b), C.R.S. (1998)), but it "does not

create a different, single substantive offense of 'pattern' sexual assault on a child when the offense occurs two or more times," *id.* Thus, he reasoned:

> I do not perceive that only *one* offense out of many charged may be elevated to a class three felony. As long as each charged offense constitutes a separate act that qualifies as a separate unit of prosecution, I see no language in the statute to preclude each offense that is found to be part of a pattern from being elevated to a class three felony.

*Id.* (citation omitted).

We granted the People's petition for a writ of certiorari. As discussed below, we reverse the court of appeals' decision, reinstate Simon's sentences on the pattern counts, and remand to the court of appeals for consideration of the remaining issue raised by Simon on appeal.

**b. Tillery v. People**

Thomas Tillery was charged with, and convicted of, five counts of sexual assault on a child as part of a pattern of sexual abuse, in violation of sections 18–3–405(1), (2)(d), C.R.S. (2004) (Counts 1–5). These counts were based on evidence that Tillery repeatedly sexually assaulted his stepdaughter for several months when she was twelve years old.[4]

During closing argument, the prosecutor identified the specific incident that formed the basis of each pattern count.

For each count of sexual assault on a child committed "as part of a pattern," the jury verdict form identified the incident to which the count pertained (e.g., "oral sex in garage"; "sexual contact in bedroom after garage"), and stated the following:

> I. We, the jury, find the defendant, THOMAS DEAN TILLERY, NOT GUILTY of SEXUAL ASSAULT ON A CHILD.
>
> [signature line for foreperson]

---

**4.** Tillery was also convicted of five counts of sexual assault on a child by one in a position of trust, in violation of section 18–3–405.3(1), (2)(a), C.R.S. (2004); one count of sexual assault on a child (involving a different victim), in violation of section 18–3–405(1), C.R.S. (2004); and two counts of contributing to the delinquency of a minor, in violation of section 18–6–701, C.R.S. (2004).

II. We, the jury, find the defendant, THOMAS DEAN TILLERY, GUILTY of SEXUAL ASSAULT ON A CHILD.

[signature line for foreperson]

The second page of the verdict form for each such count included the following interrogatory:

PATTERN INTERROGATORY

If you find the defendant guilty of SEXUAL ASSAULT ON A CHILD as to [the particular count under consideration], you must also complete this section by placing, in ink, an "X" in the appropriate box indicating your decision. ONLY ONE BOX may be filled in, with the remainder left unmarked.

[ ] We, the jury, unanimously find, beyond a reasonable doubt, that the defendant committed Sexual Assault on a Child as part of a pattern of sexual abuse.

–OR–

[ ] We, the jury, do not find that the defendant committed Sexual Assault on a Child as part of a pattern of sexual abuse.

[signature line for foreperson]

The jury convicted Tillery on all five pattern counts. For each pattern count, the jury found that Tillery committed that count of sexual assault on a child "as part of a pattern of sexual abuse," and marked the corresponding interrogatory accordingly.

The trial court sentenced Tillery to concurrent indeterminate sentences of sixty years to life on each of the pattern counts.[5]

Tillery raised several issues on appeal that are not before us here. While Tillery's appeal was pending, however, the court of appeals ordered supplemental briefing to address the effect, if any, of the recently announced *Simon* decision on Tillery's case. In that briefing, Tillery relied on *Simon* to argue for the first time that he could not be convicted and sentenced multiple times for a single pattern of sexual assault on a child.

The *Tillery* division disagreed. Reviewing Tillery's argument for plain error under Crim. P. 52(b), the division followed Judge Casebolt's dissent in *Simon* and concluded that because Tillery was properly convicted of five separate offenses of sexual assault on a child, the sentence for each such offense could be enhanced based on evidence of pattern acts. *Tillery*, 231 P.3d at 49–50. The division reasoned that (1) to allow only one enhanced sentence, regardless of the number of assaults committed, would frustrate the legislative intent (as shown by the statute's plain language) to treat pattern abuse as meriting greater punishment; (2) the substantive offense is sexual assault on a child, and the pattern sentence enhancer is predicated on that underlying substantive offense; (3) the sentence enhancer contemplates multiple acts (at least one of which is charged in the information), not an overall course of conduct in which all pattern acts are lumped together to support but one enhanced sentence; and (4) under *Woellhaf v. People,* 105 P.3d 209, 218–19 (Colo.2005), multiple sexual contacts can constitute separate offenses if they occur in different locations or are separated by intervening events. *Id.* at 49.

Accordingly, the division upheld Tillery's five enhanced sentences on the pattern sexual assault counts but remanded for resentencing because it agreed with Tillery and the Attorney General that the trial court's lower term of sixty years for his indeterminate life sentences was contrary to *Vensor v. People,* 151 P.3d 1274, 1279 (Colo.2007). *Id.* at 50.

We granted Tillery's petition for a writ of certiorari on whether section 18–3–405(2)(d) "authorizes conviction and sentencing of more than one pattern of sexual abuse charge against a single victim." [6] We affirm the judgment of the court of appeals and

---

**5.** Tillery was also sentenced to concurrent sentences of sixty years to life on each of the five position of trust counts; a concurrent term of ten years to life on the sexual assault on a child count involving the other victim; and two concurrent terms of six years for each count of contributing to the delinquency of a minor.

**6.** We declined Tillery's request for certiorari review of the court of appeals' decision to apply plain error review. *See Tillery,* 231 P.3d at 52–59 (Bernard, J., specially concurring) (disagreeing with majority's decision to review unpreserved double jeopardy issue).

remand with directions to return the case to the trial court for resentencing in accordance with the court of appeals' decision.

## II. *Analysis*

Simon and Tillery contend that the "pattern" provisions in sections 18–3–405.3(2)(b) and 18–3–405(2)(d) establish a distinct substantive offense of "pattern" sexual assault that holds a defendant criminally liable for one overall course of conduct. They argue that the General Assembly intended to include within the scope of this "pattern" offense all sexual assaults committed against a single victim; consequently, they contend, these provisions permit only one class 3 felony conviction and enhanced sentence to enter for a single "pattern" of abuse against the same child. They further argue that to permit multiple convictions and enhanced sentences for the acts of sexual assault that compose the pattern violates a defendant's double jeopardy protection against multiple punishments.

We disagree and hold that these statutory provisions do not establish a separate, overall course of conduct "pattern" offense. Rather, by their plain language, these provisions authorize each separately charged incident of sexual assault (i.e., sexual assault on a child or sexual assault on a child by one in a position of trust) to be elevated to a class 3 felony where, as here, each distinct offense is found beyond a reasonable doubt to have been committed "as a part of a pattern of sexual abuse." We further hold that these statutes, construed according to their plain meaning, do not violate the double jeopardy protection against multiple punishments under the U.S. or Colorado Constitution.

### a. Standard of Review

■ We review the court of appeals' statutory construction and conclusions of law regarding constitutional questions de novo. *Bly v. Story*, 241 P.3d 529, 533 (Colo.2010); *People v. Aguilar–Ramos*, 86 P.3d 397, 401 (Colo.2004). In construing a statute, we strive to give effect to the legislature's intent. *Build It and They Will Drink, Inc. v. Strauch*, 253 P.3d 302, 304 (Colo.2011). To discern that intent, "we first look to the language of the statute to ascertain its plain meaning." *Id.* at 304–05. If we conclude the language of the statute is clear and the legislative intent appears with reasonable certainty, then our analysis is complete, and there is no need to resort to other rules of statutory construction. *Jefferson Cnty. Bd. of Equalization v. Gerganoff*, 241 P.3d 932, 935 (Colo. 2010); *People v. Dist. Court*, 713 P.2d 918, 921 (Colo.1986).

### b. The "Pattern" Provisions

■ The legal issue raised in these cases turns on what "unit of prosecution" the legislature intended to create when it added the pattern language to sections 18–3–405(2)(d) and 18–3–405.3(2)(b).

■ It is the province of the legislature to establish and define offenses by prescribing the allowable "unit of prosecution," which is the "manner in which a criminal statute permits a defendant's conduct to be divided into discrete acts for purposes of prosecuting multiple offenses." *Woellhaf*, 105 P.3d at 215. In other words, "[i]t is the legislature's choice to treat a course of conduct, or various acts that it considers to be related in time, nature, or purpose (or in any other way) as one or as more than one offense." *People v. Abiodun*, 111 P.3d 462, 465 (Colo.2005). In determining the unit of prosecution, "we look exclusively to the statute." *Woellhaf*, 105 P.3d at 215; *see also Roberts v. People*, 203 P.3d 513, 517 (Colo.2009) (noting that determination of whether various acts constitute a single crime or successive violations of the same criminal proscription must be made in light of legislative intent as expressed in its definition of the offense).

In section 18–3–401 (Definitions), the legislature has defined several terms used in Part 4 (Unlawful Sexual Behavior) of Article 3 (Offenses Against the Person) of the Colorado Criminal Code. Thus, for example, the legislature has defined a "pattern of sexual abuse" as "the commission of two or more incidents of sexual contact involving a child when such offenses are committed by an actor upon the same victim." § 18–3–401(2.5), C.R.S. (2011).

The General Assembly has proscribed the distinct offenses of "Sexual assault on a child" and "Sexual assault on a child by one in a position of trust" in different provisions of the criminal code, each identified by a different title. At the time of the acts that led to Simon's pattern charges, section 18–3–405.3 (Sexual assault on a child by one in a position of trust) provided in relevant part:

(1) Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child by one in a position of trust if the victim is a child less than eighteen years of age and the actor committing the offense is one in a position of trust with respect to the victim.

(2) *Sexual assault on a child by one in a position of trust is a class 3 felony if:*

. . .

(b) *The actor commits the offense as a part of a pattern of sexual abuse* as described in subsection (1) of this section. No specific date or time need be alleged for the pattern of sexual abuse; [except that the acts constituting the pattern of sexual abuse must have been committed within ten years prior to the offense charged in the information or indictment.[7]] The offense charged in the information or indictment shall constitute one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse as defined in section 18–3–401(2.5).

§ 18–3–405.3(1), (2)(b), C.R.S. (1998) (emphasis added).

At the time of the acts underlying Tillery's charges, section 18–3–405 (Sexual assault on a child) provided in relevant part:

(1) Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age

and the actor is at least four years older than the victim.

(2) *Sexual assault on a child is a class 4 felony, but it is a class 3 felony if:*

. . .

(d) *The actor commits the offense as a part of a pattern of sexual abuse* as described in subsection (1) of this section. No specific date or time must be alleged for the pattern of sexual abuse; [except that the acts ˙constituting the pattern of sexual abuse must have been committed within ten years prior to or at any time after the offense charged in the information or indictment.[8]] The offense charged in the information or indictment shall constitute one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse as defined in section 18–3–401(2.5).

§ 18–3–405(1), (2)(d), C.R.S. (2004) (emphasis added).

Simon and Tillery argue that sections 18–3–405.3(2)(b) and 18–3–405(2)(d) establish a distinct "overall course of conduct" offense called "pattern" of sexual abuse, and that this separate offense constitutes a discrete unit of prosecution, punishable only once. We disagree.

The defendants' construction of these provisions relies principally on the definition of "pattern of sexual abuse" in section 18–3–401(2.5). However, the general definitional language of section 18–3–401(2.5) does not demonstrate legislative intent to establish "pattern of sexual abuse" as a substantive offense. *See Simon*, 219 P.3d at 795 (Casebolt, J., dissenting).

The legislature has defined the substantive offenses of "Sexual assault on a child" and "Sexual assault on a child by one in a position of trust" in sections 18–3–405 and 18–3–405.3, respectively. By their plain language, these

---

**7.** Under the current version of the statute, the bracketed language now states: "except that the acts constituting the pattern of sexual abuse whether charged in the information or indictment or committed prior to or at any time after the offense charged in the information or indictment, shall be subject to the provisions of section 16–5–401(1)(a), C.R.S., concerning sex offenses against children." § 18–3–405.3(2)(b), C.R.S. (2011).

**8.** Under the current version of the statute, the bracketed language now states: "except that the acts constituting the pattern of sexual abuse, whether charged in the information or indictment or committed prior to or at any time after the offense charged in the information or indictment, shall be subject to the provisions of section 16–5–401(1)(a), C.R.S., concerning sex offenses against children." § 18–3–405(2)(d), C.R.S. (2011).

statutes do not establish separate, overall course of conduct "pattern" offenses. Instead, these statutes authorize greater punishment for each incident of sexual assault on a child, or sexual assault on a child by one in a position of trust, where "[t]he actor commits the offense *as a part of* a pattern of sexual abuse." §§ 18–3–405(2)(d), –405.3(2)(b) (emphasis added). That is, the legislature has chosen to increase the possible penalty when the assault occurs "as a part of" a "pattern of sexual abuse," as that term is defined in section 18–3–401(2.5).[9] Whether the offense is committed as a class 3 or class 4 felony, the relevant unit of prosecution— and the substantive crime of which the defendant stands convicted—remains the act statutorily designated as "Sexual assault on a child" or "Sexual assault on a child by one in a position of trust." *Cf. Lewis v. People*, 261 P.3d 480, 481 (Colo.2011).

These statutory provisions are therefore unlike the consolidated theft statute discussed in *Roberts v. People*, 203 P.3d 513 (Colo.2009). There, we construed former section 18–4–401(4), C.R.S., to require all separate acts of theft committed by the same person within a six-month period to be joined and prosecuted as a single felony. *Id.* at 516 (" § 18–4–401(4) ('When a person commits theft twice or more within a period of six months ... *it is* a ... felony.' (emphasis added))."). After *Roberts,* the General Assembly amended section 18–4–401(4). Ch. 244, sec. 2, § 18–4–401(4), 2009 Colo. Sess. Laws 1099, 1099–100. Under the current version of the statute, aggregation of multiple thefts is permissive, not mandatory. Moreover, unlike sections 18–3–405(2)(d) and 18–3–405.3(2)(b), the consolidated theft statute expressly provides that when theft charges *are* aggregated, all such charges "shall constitute a single offense." § 18–4–401(4)(a)–(b), C.R.S. (2011).

In short, nothing in the plain language of sections 18–3–405(2)(d) or 18–3–405.3(2)(b) reflects legislative intent to create a separate, substantive "overall course of conduct" offense of "pattern" sexual assault. A "pattern" simply describes a series of two or more discrete acts of sexual assault, but the "pattern" is not the criminal offense. The unit of prosecution, as set forth by the legislature, remains the charge of sexual assault. The plain language of these provisions further reflects legislative intent to authorize each sexual assault to be charged and punished as a class 3 felony where the assault is one of the acts that composes a pattern of sexual abuse.

Simon and Tillery rely heavily on legislative history to support their contention that the legislature intended to create a separate "pattern" offense. In particular, they draw historical and contextual inferences regarding the purposes of the 1989 legislation and cite to responses to questions posed during committee hearings.

■ We do not look to legislative history to contradict the plain language of a statute. *See Gerganoff,* 241 P.3d at 935 ("If, after review of the statute's language, we conclude that the statute is unambiguous and the intent appears with reasonable certainty, our analysis is complete."). Because we conclude that the plain language of each statute is clear and unambiguous, we interpret them as written and need not turn to legislative history. For the same reason, we reject the defendants' arguments regarding the rule of lenity. *See People v. Summers,* 208 P.3d 251, 258 (Colo.2009) (invoking the rule of lenity as a "rule of last resort," only where the court was unable to apply the plain language of the statute and unable to discern the legislature's intent despite the use of various aids of statutory construction).

### c. Double Jeopardy

■ Simon and Tillery argue that multiple convictions and enhanced sentences under sections 18–3–405(2)(d) and 18–3–405.3(2)(b) violate double jeopardy protections under the U.S. and Colorado Constitutions because a defendant may only be punished once for having engaged in a single "pattern of sexual abuse." This argument fails.

---

**9.** This court has long construed the pattern provision to function as a sentence enhancer. *See, e.g., People v. Day,* 230 P.3d 1194, 1195 (Colo. 2005); *People v. Melillo,* 25 P.3d 769, 777 (Colo. 2001); *People v. Longoria,* 862 P.2d 266, 269 (Colo.1993).

■ The Double Jeopardy Clause[10] protects an individual from a subsequent prosecution for the same offense after either an acquittal or conviction; it also protects an individual from being subjected to multiple punishments for the same offense. *Lewis*, 261 P.3d at 481 (Colo.2011) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). At issue here is whether a defendant who is convicted and sentenced for each act of sexual assault committed as part of a single "pattern" of abuse has received multiple punishments for the same "offense."

■ With respect to multiple punishments, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Thus, "separate convictions and punishments at a single proceeding that are specifically authorized by the legislature never run afoul of constitutional jeopardy protections." *Lewis*, 261 P.3d at 484 (citing *Hunter*, 459 U.S. at 367–69, 103 S.Ct. 673). As we concluded above, the plain language of sections 18–3–405 and 18–3–405.3 reveals that the legislature did not establish a separate, substantive "overall course of conduct" offense of "pattern" sexual assault. Instead, the plain language establishes that the General Assembly intended to authorize separate convictions for *each* instance of sexual assault on a child or sexual assault by one in a position of trust, and to authorize enhanced punishment of each such assault that is committed as "a part of a pattern of sexual abuse." Because the General Assembly so intended, Simon's and Tillery's double jeopardy claims must fail.

Finally, we reject defendants' contention that in *Sattazahn*, the U.S. Supreme Court specifically adopted the rationale of *Apprendi* to define an "offense" for double jeopardy

purposes. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 494 & n. 19, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that, for purposes of a defendant's Sixth Amendment right to a jury trial, any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be found by a jury beyond a reasonable doubt, and reasoning that a "sentence enhancement" is the functional equivalent of an "element of a greater offense" if used to increase punishment beyond the maximum authorized statutory sentence); *see also Sattazahn*, 537 U.S. at 111, 123 S.Ct. 732 (plurality opinion) ("We can think of no principled reason to distinguish, in this context, between what constitutes an offense for purposes of the Sixth Amendment's jury-trial guarantee and what constitutes an 'offence' for purposes of the Fifth Amendment's Double Jeopardy Clause.").

As we recently observed in *Lewis*, even assuming that the comment by the plurality in *Sattazahn* were at some point to gain the support of a majority of the Court, the context of that case suggests that the remark can be reasonably understood to refer at most to the double jeopardy protection against multiple prosecutions, not multiple punishments. *Lewis*, 261 P.3d at 483–84. In any event, even if the functional equivalence of elements and sentencing factors for purposes of a criminal defendant's right to a jury trial should be deemed to apply equally to the constitutional presumption against multiple punishments, that presumption is overcome here by specific legislative authorization, as expressed in sections 18–3–405(2)(d) and 18–3–405.3(2)(b).

### III. *Application and Conclusion*

We hold that sections 18–3–405(2)(d) and 18–3–405.3(2)(b) permit each discrete act of sexual assault to be charged and sentenced as a class 3 felony where the offense is found

10. *See* U.S. Const. amend. V ("No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb."); Colo. Const. art. 2, § 18 ("No person shall ... be twice put in jeopardy for the safe offense."). We have previously adopted U.S. Supreme Court double jeopardy jurisprudence as the correct interpretation of Colorado's constitutional provision. *See Lew-*

*is*, 261 P.3d at 481 (Colo.2011) (citing *Abiodun*, 111 P.3d at 465; *Meads v. People*, 78 P.3d 290, 293 (Colo.2003); *Patton v. People*, 35 P.3d 124, 129 (Colo.2001); *People v. Leske*, 957 P.2d 1030, 1034–36 (Colo.1998); *People v. Garcia*, 940 P.2d 357, 361 (Colo.1997); *Armintrout v. People*, 864 P.2d 576, 578 n. 6 (Colo.1993)).

beyond a reasonable doubt to be committed as a part of a pattern of sexual abuse, and that these provisions, construed according to their plain language, do not violate double jeopardy protections against multiple punishments. We acknowledge that in some cases the pattern language in sections 18–3–405(2)(d) and 18–3–405.3(2)(b) may lead to sentences measured more appropriately in centuries than in years. Whatever the policy merits of the legislature's approach, our holding today is driven by our obligation to give effect to legislative intent as evidenced by the language the General Assembly has provided.

In *Simon,* the instructions and jury forms reflect that the jury unanimously found, beyond a reasonable doubt, that Simon committed ten discrete acts of sexual assault on a child by one in a position of trust; that the jury unanimously agreed on the same act for each count; that each act was separate and distinct from any other act for which the jury found Simon guilty; and that each discrete act was committed as a part of a pattern of sexual abuse. Accordingly, each pattern charge qualifies as a separate class 3 felony conviction under section 18–3–405.3(2)(b) and may be sentenced as such. We therefore reverse the court of appeals' decision in *People v. Simon,* 219 P.3d 789 (Colo.App.2009), reinstate Simon's ten class 3 felony pattern convictions and sentences, and remand to the court of appeals for consideration of the remaining issue raised by Simon on appeal.

In *Tillery,* the verdict forms likewise reflect that the jury unanimously found, beyond a reasonable doubt, that Tillery committed five discrete acts of sexual assault on a child; that the verdict forms identified each specific incident of sexual assault on a child; and that each of the acts was committed as part of a pattern of sexual abuse. Thus, each of these pattern charges qualifies as a separate class 3 felony conviction under section 18–3–405(2)(d) and may be sentenced as such. We therefore affirm the court of appeals' decision in *People v. Tillery,* 231 P.3d 36 (Colo.App.2009), and remand with directions to return the case to the trial court

for resentencing in accordance with the court of appeals' decision.