Hillsborough,
No. 5288.

STATE *v.* DONALD LAFOREST.

Argued December 2, 1964.
Decided February 26, 1965.

*William Maynard*, Attorney General and *George S. Pappagianis*, Deputy Attorney General (*Mr. Pappagianis* orally), for the State.

*Nicholas Pantelas* (by brief and orally), for the defendant.

*Thomas J. Leonard, Jr.* for the juvenile witness, filed no brief.

KENISON, C.J. Polygraph and scientific tests to determine deception are familiar investigative devices in criminal investigation and are employed generally in industry and government for various purposes. Inbau & Reid, Lie Detection and Criminal Interrogation (3d *ed.* 1953); Silving, Testing the Unconscious in Criminal Cases, 69 Harv. L. Rev. 683 (1956); 50 A.B.A. J. 470 (1964). See also, Hearings Before Committee on Government Operations of House of Representatives, "Use of Polygraphs as 'Lie Detectors' by the Federal Government," 88th Cong. 2d Sess. Parts 1, 2, 3 and 4 (1964). Nevertheless the results of these tests have been rejected by the courts as evidence of guilt or innocence of the accused by the overwhelming weight of judicial authority on the ground that these tests have not yet attained sufficient scientific acceptance as an accurate and reliable means of ascertaining truth or deception. Annot. 23 A.L.R. 2d 1306; 3 Wigmore, Evidence (3d *ed.*) *s.* 999 (1964 supp.); *People* v. *Boney*, 28 Ill. 2d 505; *State* v. *Driver*, 38 N. J. 255. Although this exclusionary rule has been criticized (McCormick, Evidence, *s.* 174 (1954)), there remains today much controversy as to the scientific reliability of polygraph tests. Skolnick, Scientific Theory and Scientific Evidence: An Analysis of Lie-Detection, 70 Yale L. J. 694 (1961); Levin, Lie Detectors Can Lie! 15 Lab. L. J. 708 (1964). *Cf.* Kaplan, The Lie-Detector: An Analysis of Its Place in the Law of Evidence, 10 Wayne L. Rev. 381 (1964).

There are a few cases that have admitted testimony as to polygraph tests when stipulated by the parties and counsel. *State* v. *McNamara*, 252 Iowa 19; *People* v. *Houser*, 85 Cal. App. 2d 686. In the more recent case of *State* v. *Valdez*, 91 Ariz. 274, the evidence of the polygraph test was admitted pursuant to stipulation subject however to several qualifications and restrictions which were enumerated by the appellate court in its opinion. In the case before us the polygraph tests of the State's witness and the defendant were taken with the approval of their

counsel and the State. However, the defendant's brief in this court argues that the polygraph tests are not admissible in evidence generally and should not be admitted on the motion for a new trial and to set aside the verdicts. Additionally the brief states the matter as follows: "Though it is true that the parties, including counsel, agreed that polygraph examinations were to be taken by the witness [for the State] and by the defendant, LaForest, this did not necessarily thereby indicate that the defendant, and/or his attorney, admitted that such evidence would necessarily be admissible." See *Colbert* v. *Commonwealth* (Ky.), 306 S. W. 2d 825.

If stipulations by the accused and counsel to take polygraph tests are to be accepted when they are favorable to the accused and to be rejected when they are unfavorable, motions for new trial will degenerate into a dispute as to the meaning and effect of the stipulations. The guilt or innocence of the accused may well turn out to be a secondary issue. It is easy, of course, to hold that the stipulation is a complete waiver of the general inadmissibility of evidence of the results of polygraph tests. But in principle a waiver in a criminal case ought not to be presumed (*State* v. *Prevost*, 105 N. H. 90, 94) and when that occurs it usually serves only to lay the foundation for repetitive post-conviction attacks on the original conviction.

In this case we follow the general rule that evidence of polygraph tests is inadmissible (*Commonwealth* v. *Fatalo* (Mass.), 191 N. E. 2d 479) and we follow the general rule that the accused's willingness or refusal to take a polygraph test is likewise inadmissible. Annot. 95 A.L.R. 2d 819; *State* v. *Mottram*, 158 Me. 325. In the circumstances of the present case the results of polygraph tests are not admissible on the basis of the stipulation involved in this proceeding. We leave open the question whether polygraph tests may be admitted where all parties and their counsel with the approval of the Court have agreed by a stipulation which leaves no room for doubt that the results of the tests may be admissible in evidence regardless of their outcome. See Richardson, Modern Scientific Evidence, *ss.* 10.13 and 10.19 (1963 supp.). When such a case is presented it can be considered on its merits, free from collateral and procedural issues, and in the judicial climate described in former cases in this jurisdiction. See *State* v. *Reenstierna*, 101 N. H. 286, 287: "The utilization of probative methods developed by modern medicine and science as an aid for a judge or jury to determine disputed

questions of fact has received hospitable recognition in this state by both judicial decision and statute."

The Court is advised that in this case as a matter of law the polygraph evidence is to be excluded at the hearing on the motion for a new trial and to set aside the verdicts. See Annot. 158 A.L.R. 1062.

*Remanded.*

DUNCAN, J., did not sit; the others concurred.