Hillsborough
No. 84-440

THE STATE OF NEW HAMPSHIRE

v.

WILLIAM OBER

May 6, 1985

*Stephen E. Merrill,* attorney general (*Tina Schneider,* attorney, on the brief and orally), for the State.

*James J. Fitzpatrick,* of Portsmouth, by brief and orally, for the defendant.

## MEMORANDUM OPINION

The defendant was convicted on two counts of aggravated felonious sexual assault. RSA 632-A:2 (Supp. 1983). He appeals the Superior Court's (*Bean,* J.) denial of his motions for a mistrial and for a directed verdict.

During the trial by jury, the prosecutor asked a police officer whether the officer had requested the victim to take a polygraph test. The defendant objected and moved for a mistrial. The trial court denied the motion and instructed the jury to disregard the question. If we fail to reverse this conviction, we risk creating the impression that such a reference to a polygraph test is error, but not reversible error.

We have consistently held that the results of polygraph tests are not admissible as evidence of guilt or innocence in criminal

trials. *State v. French*, 119 N.H. 500, 503, 403 A.2d 424, 426, *cert. denied*, 444 U.S. 954 (1979); *State v. Stewart*, 116 N.H. 585, 588–89, 364 A.2d 621, 623–24 (1976); *State v. LaForest*, 106 N.H. 159, 160–61, 207 A.2d 429, 430–31 (1965). This rule of inadmissibility is based upon the unreliability of such tests, as well as the danger that a jury will rely upon them to establish the truth or falsity of a witness' statements. *State v. French, supra* at 503, 403 A.2d at 426. Accordingly, it is error to refer to such a test.

■ A question asking whether a victim has been asked to take a polygraph test cannot produce admissible evidence. Furthermore, if the jury speculates from such a question that the victim was not asked to take a polygraph test, the victim's credibility will be enhanced. Because the prosecutor's attempt to bolster the State's witness by a reference to a polygraph test was, therefore, not harmless beyond a reasonable doubt, *State v. Ruelke*, 116 N.H. 692, 694, 366 A.2d 497, 498 (1976), we must reverse and remand for a new trial.

The defendant also argues that denial of his motion for a directed verdict was error because the prosecution introduced insufficient evidence to prove sexual penetration. We have reviewed the evidence presented at trial and find that this argument is without merit.

*Reversed and remanded.*