Hillsborough-southern judicial district
No. 2000-109

THE STATE OF NEW HAMPSHIRE

v.

CHRISTOPHER RICHARD

December 21, 2001

*Philip T. McLaughlin*, attorney general (*Ann M. Rice*, senior assistant attorney general, on the brief and orally), for the State.

*Carl D. Olson*, assistant appellate defender, of Littleton, by brief and orally, for the defendant.

BRODERICK, J. The defendant, Christopher Richard, appeals his convictions on ten pattern counts of aggravated felonious sexual assault (AFSA) involving two young victims. *See* RSA 632-A:2, III (Supp. 2000). He argues that the Superior Court (*Brennan*, J.) erred by permitting the State to seek convictions upon multiple pattern indictments for assaults committed against a single victim during a common time frame, violating his right to be free from double jeopardy under the United States Constitution. We affirm.

The following facts were adduced at trial. The defendant befriended the older brother of one victim, E.T., in the spring of 1997. During the summer, the defendant often spent the night at E.T.'s home and continued this practice when E.T.'s family moved to another residence that fall.

E.T.'s best friend, C.N., also spent the night on numerous occasions during the same time period.

Initially, the defendant spent time with E.T.'s older brother. As the summer progressed, he began spending time alone with E.T. and his friend, C.N. On more than one occasion, the three played "Truth or Dare." Once, the defendant dared E.T. and C.N. to walk around the room with their pants down. The two boys acquiesced and eventually the "dares" progressed to the point where the defendant engaged in various sexual acts with both boys.

E.T.'s older brother became suspicious about the amount of time the defendant was spending with the two boys. One night, E.T.'s older brother entered the living room, turned on the light and saw the defendant and E.T. sitting on the couch with a blanket covering them. They looked startled. When later confronted by his older brother, E.T. disclosed the sexual assaults. The older brother testified at trial that when he confronted the defendant about the assaults, the defendant said that "[they were] wrong, [and that he] wouldn't do it again, and . . . would get help" if the sexual assaults were not reported to the police.

Subsequently, the defendant was indicted on fourteen counts of sexual assault, including six pattern AFSA charges involving E.T. and four involving C.N. Eight of the pattern indictments, four per victim, alleged more than one act of the same type of statutory variant of sexual assault occurring when the boys were less than thirteen years old. Specifically, the pattern indictments alleged that the defendant subjected E.T. and C.N. to fellatio, touched or rubbed their genitals, forced both boys to perform fellatio on him and forced them to touch or rub his genitals. The remaining two pattern indictments alleged that the defendant forced E.T. to engage in mutual acts of fellatio after he turned thirteen. With varying beginning and end points, each pattern indictment charged a discrete type of sexual assault between June 1997 and March 1998. While the pattern indictments charged overlapping time frames, each charged a particular variant of sexual assault different from that charged in the other pattern indictments.

At trial, the defendant acknowledged spending the night at E.T.'s home on four or five occasions, but denied any sexual contact. He moved to dismiss the pattern indictments, arguing that convictions on these indictments would constitute multiple punishments for the same offense. The motion was denied and the jury returned guilty verdicts upon all pattern indictments, as well as the four indictments charging individual assaults.

In support of his double jeopardy argument under the Federal Constitution, the defendant relies upon the plain language of the pattern

statute and its legislative history as establishing that a single "pattern of sexual assault" is the prohibited offense. He contends that dividing a single pattern crime into multiple pattern indictments and convictions unlawfully subjects him to multiple punishments for the same offense. The defendant makes no claim under the State Constitution.

The Double Jeopardy Clause of the Federal Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V; *see Brown v. Ohio*, 432 U.S. 161, 164 (1977). It "protects a defendant's rights in three ways: First, it protects against a second prosecution for the same offense after an acquittal. Second, it protects against a second prosecution for the same offense after a conviction. Third, it protects against multiple punishments for the same offense." *State v. Bailey*, 127 N.H. 811, 814 (1986). The defendant asserts a violation of the third category of protections.

 In determining whether a defendant is subject to multiple punishments for the same offense, we must determine the unit of prosecution intended by the legislature. *State v. Cobb*, 143 N.H. 638, 647 (1999) (federal double jeopardy analysis); *Sanabria v. United States*, 437 U.S. 54, 69-70 (1978). When a statutory provision is ambiguous, the rule of lenity demands that all doubt be resolved against turning a single transaction into multiple offenses and thereby expanding the statutory penalty. *Cobb*, 143 N.H. at 647; *Bell v. United States*, 349 U.S. 81, 84 (1955). We review the plain language of the pattern statute to discern the legislature's articulated intent.

The pattern statute provides:

> A person is guilty of aggravated felonious sexual assault when such person engages in a pattern of sexual assault against another person, not the actor's legal spouse, who is less than 16 years of age. The mental state applicable to the underlying acts of sexual assault need not be shown with respect to the element of engaging in a pattern of sexual assault.

RSA 632-A:2, III. "Pattern of sexual assault" is defined as "committing more than one act under RSA 632-A:2 or RSA 632-A:3, or both, upon the same victim over a period of 2 months or more and within a period of 5 years." RSA 632-A:1, I-c (Supp. 2000). RSA 632-A:2 (Supp. 2000) and RSA 632-A:3 (Supp. 2000) proscribe different statutory variants for aggravated felonious sexual assault and felonious sexual assault.

The defendant argues that the legislature intended to proscribe as a single pattern crime any and all variants of sexual assault under RSA 632-

A:2 and :3 committed against a single victim during a common time frame, regardless of the number or nature of the underlying acts. We disagree.

The legislature broadly defined the proscribed pattern to include the commission of two or more acts under the aggravated felonious sexual assault statute, RSA 632-A:2, *or* two or more acts under the felonious sexual assault statute, RSA 632-A:3, *or* a combination thereof. *Cf. People v. Higgins*, 11 Cal. Rptr. 2d 694, 700 (Ct. App. 1992) (California pattern statute provided express limitation that defendant be charged with only one count per victim). Reading "pattern of sexual assault" as encompassing *all* statutory variants of sexual assault committed against a victim during a common time frame would lead to an absurd result. *Liteky v. United States*, 510 U.S. 540, 550 (1994) (presumption that legislature would not enact statute that would lead to absurd result). Such an interpretation would effectively limit the criminal exposure of a perpetrator to a single conviction when a victim is unable to recall discrete assaults due, in part, to their frequency, while defendants whose victims have discrete recall would remain accountable for multiple convictions under the single-act sexual assault provisions, RSA 632-A:2, I-II; RSA 632-A:3, I-IV. To interpret the pattern statute as the defendant suggests would allow a perpetrator to benefit from the fact that his repetitive assaults may have blurred a victim's memory. Such a result is illogical.

■ We recognize that we have previously held that "[t]he focus of the pattern statute is to criminalize a continuing course of sexual assaults, not isolated instances." *State v. Fortier*, 146 N.H. 784, 791 (2001). This conclusion does not preclude multiple patterns of sexual assault involving a single victim from occurring during a common time frame, as "pattern of sexual assault" was defined by the legislature. When seeking convictions on multiple pattern indictments that charge numerous assaults within a common time frame inflicted on a single victim, however, the pattern indictments cannot rely on the same underlying act or acts to comprise the charged pattern. For example, two indictments charging a common time period cannot charge the same type of sexual assault.

■ In this case, while the pattern indictments charged overlapping time frames, each charged a particular variant of sexual assault different from the type charged in the other patterns. Because each pattern indictment did not rely upon any act charged in another pattern indictment, the same pattern was never charged twice. Accordingly, we conclude that the defendant was not subjected to multiple punishments for the same offense as defined by the legislature, and his federal double jeopardy right was not infringed.

When pursuing multiple pattern indictments involving a particular victim, the State should be mindful of its obligation to exercise meaningful prosecutorial discretion. *State v. Krueger*, 146 N.H. 541, 543 (2001) (warning State to be circumspect when exercising discretion in charging); *State v. Rayes*, 142 N.H. 496, 500 (1997) (recognizing prosecutorial discretion for bringing multiple charges for single event). Furthermore, a defendant's right to jury unanimity might effectively preclude multiple pattern charges in a particular case depending on the nature of the evidence. *See Fortier*, 146 N.H. at 784 (jury must unanimously agree that defendant engaged in more than one act of sexual assault as described in RSA 632-A:2 and :3, but need not agree on the particular underlying acts). Both issues are left for another day.

*Affirmed.*

BROCK, C.J., and NADEAU, J., concurred.