NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2012-827


THE STATE OF NEW HAMPSHIRE

v.

THEADORE MITCHELL

Argued: January 16, 2014
Opinion Issued: May 16, 2014


Joseph A. Foster, attorney general (Susan P. McGinnis, senior assistant attorney general, on the brief and orally), for the State.

James B. Reis, assistant appellate defender, of Concord, on the brief and orally, for the defendant.


LYNN, J. Following a jury trial in Superior Court (Smukler, J.), the defendant, Theadore Mitchell, was convicted of one count of aggravated felonious sexual assault, RSA 632-A:2, I(m) (2007), and two class A misdemeanor counts of violation of a protective order, RSA 173-B:9, III (2002). He appeals, arguing that the trial court erred by excluding evidence that he offered to take a polygraph test. The defendant also argues that the trial court plainly erred when it allocated his pretrial confinement credit. We affirm in part, vacate in part, and remand for resentencing.

The record establishes the following facts. In the early morning of May 2, 2012, officers arrested the defendant pursuant to a warrant and transported him to the Northfield Police Station. Officer Aaron Chapple brought the defendant into a booking room and read him his Miranda rights. See Miranda v. Arizona, 384 U.S. 436 (1966). The defendant waived his rights and agreed to speak with Chapple. Chapple began a recorded interview and informed the defendant that he was being charged with aggravated felonious sexual assault and simple assault. Several times throughout the interview the defendant denied any sexual contact with the victim. Chapple observed that the defendant got "a little bit more defensive" when specifically questioned about having sex with the victim.

During the interview, the defendant asked, "[C]an't you take a lie detector test for this stuff?" Chapple replied, "[W]e don't do lie detectors on – you know, on everything." Later in the interview, the defendant stated, "I'll take a lie detector. I can take a polygraph. I'll do whatever you guys tell me to." Chapple did not acknowledge this offer. Toward the end of the interview, the defendant again stated, "I could take a lie detector test. I'll pass that sucker. I'm not a good liar." Chapple again did not acknowledge the offer. In addition to the above offers to take a polygraph, the defendant made other statements adamantly denying, throughout the interview, that he and the victim had sex.

Before trial, the State moved to exclude the portions of the defendant's recorded interview in which he offered to take a polygraph test. Defense counsel objected, arguing that the defendant's willingness to take a polygraph should be admitted as evidence. Defense counsel analogized the defendant's statements to the statement, "I'll swear on a stack of Bibles," arguing that they provided context of the degree to which the defendant asserted his innocence. Defense counsel specifically argued that the defendant's offers should be admitted under the doctrine of completeness because the State would gain a misleading advantage if it were allowed to admit only part of the recorded interview. Additionally, defense counsel argued that the offers should be admitted pursuant to the defendant's right to present "favorable proofs" under the State and Federal Constitutions.

The trial court first determined that the doctrine of completeness did not apply, reasoning that the State would not gain a misleading advantage because the defense would be able to elicit evidence that the defendant adamantly denied culpability. The court found that the particular manner of the defendant's denial, i.e., by offering to take a polygraph, was of little probative value and was likely to cause a great deal of confusion. Having declined to admit the statements under the doctrine of completeness, the trial court ruled that the defendant's offers to take a polygraph test were inadmissible hearsay.

The trial court later expanded upon its ruling, citing State v. LaForest, 106 N.H. 159, 161 (1965), as well as out-of-state authority, for the general premise that an accused's willingness or refusal to take a polygraph is inadmissible.

The jury ultimately convicted the defendant of one count of aggravated felonious sexual assault and two counts of violation of a protective order. This appeal followed.

II

On appeal, the defendant presents several arguments in support of his claim that the trial court erred in excluding from evidence his offers to take a polygraph test. We address each argument in turn below.

Initially, we note that it appears from the record that the trial court assumed, without deciding, that the defendant's offers to take a polygraph test were relevant. See N.H. R. Ev. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Accordingly, we make the same assumption and do not address this issue further.

"The decision to admit or exclude evidence is within the discretion of the trial court." State v. Furgal, 164 N.H. 430, 438 (2012) (quotation omitted). In determining whether the trial court's ruling is a proper exercise of judicial discretion, "we consider whether the record establishes an objective basis sufficient to sustain the discretionary decision made." Id. (quotation omitted). "To show an unsustainable exercise of discretion, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case." Id. (quotation omitted).

A

We address first the trial court's ruling that the defendant's offers to take a polygraph test constituted hearsay. The trial court reasoned that while the State could introduce the defendant's statements against him, any attempt by the defendant to introduce those statements would constitute hearsay. The court later ruled that the defendant's offers could not be admitted even if he testified.

"Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted, N.H. R. Ev. 801(c), which is not specifically excluded as non-hearsay by Rule 801(d)." Kelleher v. Marvin Lumber & Cedar Co., 152 N.H. 813, 832 (2005) (quotation omitted). In this case, the defendant's offers to take a polygraph were made during his out-of-court

3

interrogation, and he has not argued that he sought to admit these statements for any reason other than to prove the truth of the matter asserted, i.e., that he was in fact willing to take a polygraph.

The defendant raises two exceptions to the hearsay rule, but his argument was not preserved for appeal in either instance.  In his brief, the defendant asserts for the first time that, even if his offers constituted hearsay, they are admissible under the state-of-mind exception.  See N.H. R. Ev. 803(2).  "Generally, we do not consider issues raised on appeal that were not presented in the trial court."  State v. Brum, 155 N.H. 408, 417 (2007) (citation omitted).  "The preservation requirement recognizes that ordinarily, trial courts should have an opportunity to rule upon issues and to correct errors before they are presented to the appellate court."  Id. at 417.  While the admissibility of the defendant's offers to take a polygraph was an issue raised before the trial court, the argument that the offers were admissible under this exception to the hearsay rule was not.  "Consequently, the [State] and the trial court never had the opportunity to consider that legal issue or the development of facts that might or might not have supported that argument."  Id. (quotation omitted).  We thus decline to address the issue on appeal.  See id.

In addition, at oral argument, defense counsel asserted for the first time that the defendant's statements were not hearsay because they constituted acts of independent legal significance.  See Simpkins v. Snow, 139 N.H. 735, 737 (1995) ("[W]here a statement has independent legal significance, it is not considered hearsay." (citations omitted)).  This issue was not addressed in the defendant's briefs and was only cursorily mentioned during defense counsel's oral argument.  We therefore decline to review it.  See State v. Kincaid, 158 N.H. 90, 95 (2008) (holding that arguments not briefed are waived on appeal).

Accordingly, we conclude that the trial court's ruling that the defendant's offers constituted inadmissible hearsay was not erroneous.

B

The trial court also ruled that the doctrine of verbal completeness did not require admission of the defendant's offers to take a polygraph test.  The trial court reasoned that the State would not gain a misleading advantage because, although it would be able to introduce statements made by the defendant during the recorded interview, the defendant would still be able to elicit evidence he adamantly denied that he was guilty of the charges.  On appeal, the defendant challenges the trial court's determination.

The doctrine of completeness is a common law rule recognized by this court, wherein:

> [A] party has the right to introduce the remainder of a writing, statement, correspondence, former testimony or conversation that his or her opponent introduced so far as it relates to the same subject matter and hence tends to explain or shed light on the meaning of the part already received.

State v. Lopez, 156 N.H. 416, 421 (2007) (quotation omitted). The doctrine "exists to prevent one party from gaining an advantage by misleading the jury." Id. (quotation omitted). "Thus, there are two requirements to trigger the doctrine respecting conversations: first, the statements must be part of the same conversation; and second, admission of only a portion would mislead the jury." Id. (quotation omitted). The rule does not render evidence automatically admissible, though "otherwise inadmissible evidence may be admitted to prevent a party from gaining a misleading advantage." State v. Warren, 143 N.H. 633, 636 (1999) (citation omitted).

"The common law rule is partially codified by New Hampshire Rule of Evidence 106, which expressly applies to writings and recorded statements." State v. Botelho, 165 N.H. __, __, 83 A.3d 814, 822 (2013) (citation omitted). Rule 106 states: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require at that time the introduction of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." N.H. R. Ev. 106. "Rule 106 permits the introduction of the remaining parts of a recorded statement in order to prevent the misleading impression given by an out-of-context presentation from taking root." Botelho, 165 N.H. at __, 83 A.3d at 822 (citation omitted). "The trial court has discretion under Rule 106 to determine whether 'fairness' requires admission of remaining parts or related documents." Id. (quotation omitted).

Here, the defendant's interview was a "recorded statement," and thus the defendant's effort to introduce "any other part" of the interrogation falls under Rule 106. The defendant argues that "the jury was deprived of a true understanding of the full extent of [his] denials." However, in light of the trial court's ruling that he would be allowed to elicit testimony that he adamantly denied guilt, the exclusion of these offers did not prejudice the defendant. In addition, at trial, portions of the recorded interview were played in which the defendant said he "didn't do nothing [sic]" and that "nothing happened," and in which he denied adamantly that he and the victim had sex. In fact, the defendant's statements to this effect take up most of the interview portions played for the jury.

In its ruling, the trial court reasoned that the defendant's "other adamant denials of culpability" would address any concern that excluding the offers to take a polygraph would create a misleading impression. We agree with the trial

court.  The doctrine of completeness does not require the admission of otherwise inadmissible evidence simply to bolster a defendant's claim of innocence, but rather exists to correct misleading impressions by omission. See Botelho, 165 N.H. at __, 83 A.3d at 823, 824; State v. Scovill, 144 N.H. 409, 413 (1999); State v. McSheehan, 137 N.H. 180, 183 (1993).

Inasmuch as the record supports the trial court's view that excluding evidence of the polygraph offers did not create a misleading impression, we do not find the trial court's decision to exclude the offers untenable or unreasonable to the prejudice of the defendant's case.

C

The trial court also concluded that any probative value of the polygraph offers would be substantially outweighed by their prejudicial effect.  See N.H. R. Ev. 403.  The court reasoned that the particular manner in which the defendant denied his culpability was of low probative value, and that admitting evidence of the defendant's offers would cause a great deal of confusion.  Later, the court cited LaForest and out-of-state authority for the general proposition that evidence of a defendant's willingness or lack of willingness to take a polygraph is not admissible.

On appeal, the defendant argues that the probative value of his statements was not substantially outweighed by the danger of unfair prejudice. Under New Hampshire Rule of Evidence 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  N.H. R. Ev. 403.  We will not disturb a trial court's decision to exclude evidence under Rule 403 absent an unsustainable exercise of discretion.  State v. Perri, 164 N.H. 400, 408 (2012). "To show an unsustainable exercise of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case."  Id. (citation omitted).

As to the offers' probative value, because the trial court admitted evidence that the defendant adamantly denied his culpability during the police interview, we agree with its conclusion that evidence of offers to take a polygraph had little incremental probative value to the defendant's defense.  Cf. Lopez, 156 N.H. at 423 (holding that trial court did not err by excluding evidence that defendant had cried during an interview with police when he had been permitted to introduce other evidence that he had cried when speaking with his family prior to and during his arrest); State v. Morrill, 154 N.H. 547, 552 (2006) ("Because the State had presented admissible evidence supporting its [case], introducing . . . inadmissible hearsay for the same purpose was unnecessary." (citation omitted)); State v. Trempe, 140 N.H. 95, 99 (1995) (holding that trial court unsustainably exercised its discretion when it admitted

6

prejudicial evidence for purpose of correcting potential misconceptions related to defendant's testimony when prosecutor could have dispelled misconceptions by soliciting other, less prejudicial facts).

With respect to prejudice, we have long followed the general rule that evidence derived from a polygraph test is inadmissible. LaForest, 106 N.H. at 161; see also State v. Ober, 126 N.H. 471, 471-72 (1985) (stating that we have "consistently held that the results of polygraph tests are not admissible as evidence of guilt or innocence in criminal trials"). In LaForest, we also voiced approval for the related rule "that the accused's willingness or refusal to take a polygraph test is likewise inadmissible," although this statement is dicta because the defendant's willingness or refusal to take a test was not directly at issue in that case. LaForest, 106 N.H. at 161. The vast majority of courts in other jurisdictions have held that offers to submit to a polygraph test are inadmissible. See, e.g., People v. Muniz, 190 P.3d 774, 785 (Colo. App. 2008); Rowland v. United States, 840 A.2d 664, 674 n.11 (D.C. 2004); State v. Hilton, 431 A.2d 1296, 1301 (Me. 1981); Kosmas v. State, 560 A.2d 1137, 1140 (Md. 1989); Com. v. Martinez, 769 N.E.2d 273, 278-79 (Mass. 2002). Summarizing the reasons for excluding such evidence, the Muniz court aptly explained:

> [A]dmitting such evidence would create a substantial danger of confusing the issues and misleading the jury. A fact-finder's assessment of a suspect's offer to take a polygraph test would require consideration of the suspect's subjective state of mind; subjective beliefs of particular law enforcement officers as to the value of such a test under the circumstances; evidence of the behavior and beliefs of hypothetical "reasonable" suspects and officers in the circumstances of the case (to test the expressed subjective beliefs of testifying defendants and officers); and, if a test were not conducted, hypothetical scenarios concerning what officers would have done with the test results in the event the defendant "passed" or "failed" the test. Attempting to untangle this veritable Gordian knot would be an exercise in conjecture.

Muniz, 190 P.3d at 786-87. We agree with these sentiments and therefore conclude that there was ample justification for the trial court's finding that any probative value of evidence of the defendant's offers to take a polygraph test would be far outweighed by the danger that their admission "would cause a great deal of confusion." The trial court's conclusion that the results of its Rule 403 balancing analysis required exclusion of the offers to take a polygraph was not untenable or unreasonable to the prejudice of the defendant's case. Accordingly, the court did not unsustainably exercise its discretion.

7

D

Next, the defendant contends that the trial court's refusal to admit this evidence violated his rights to present "all proofs favorable" under Part I, Article 15 of the State Constitution and to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the Federal Constitution.

Following our standard practice, we first consider the defendant's arguments under the State Constitution and rely upon federal law only to aid our analysis. State v. Ball, 124 N.H. 226, 231-33 (1983). "The right to produce all favorable proofs under Part I, Article 15 gives a defendant only the right to produce witnesses, not to produce their testimony." State v. Alta, 158 N.H. 406, 410 (2009) (quotation omitted). "Part I, Article 15 does not entitle the defendant to introduce evidence in violation of the rules of evidence." State v. Graf, 143 N.H. 294, 296-97 (1999) (citation omitted). Here, the defendant does not contend that his right to produce witnesses was infringed, only that he was unable to produce evidence. Thus, we find no merit in the defendant's argument that the trial court's refusal to allow evidence of his offers to take a polygraph violated his right to produce all favorable proofs.

To the extent that the defendant argues that the trial court's exclusion of his offers to take a polygraph violated his right to due process, we note that a defendant has no right under Part I, Article 15 to introduce evidence that will have little effect other than to confuse the issues or confound the jury, for such evidence is not competent favorable proof. State v. Mitchell, 148 N.H. 293, 294 (2002). Here, the trial court allowed the defendant to introduce evidence of his adamant denials; as the trial court observed, "[t]he fact that he [denied the charges] in a particular way . . . [was] of lower probative value." We agree with the court's determination that introduction of the defendant's offers would likely have had little effect other than to confuse the issues or confound the jury.

The Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances. Graf, 143 N.H. at 296-97; see also United States v. Scheffer, 523 U.S. 303, 308 (1998) (holding that under the Federal Constitution, a defendant's right to present relevant evidence is not unlimited, "but rather is subject to reasonable restrictions"). Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

III

Finally, the defendant argues that the trial court plainly erred when it imposed a 175-day house of corrections sentence on one of the violation of protective order charges, to be served stand committed, and then allocated all

of his pretrial confinement credit to this sentence, thus depriving him of the opportunity to earn time off the sentence for good behavior.  See RSA 651:18, II (2007).  The State concedes that, in light of our decision in State v. Edson, 153 N.H. 45, 48-50 (2005), the sentence is plainly erroneous.  Accordingly, we vacate the sentences imposed and remand for resentencing in accordance with Edson.

Affirmed in part; vacated in part; remanded for resentencing.

DALIANIS, C.J., and HICKS, CONBOY and BASSETT, JJ., concurred.