**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2013-0833, <u>State of New Hampshire v. Wade S. Holmes</u>, the court on March 16, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Wade S. Holmes, appeals his conviction following a jury trial for negligent homicide. <u>See</u> RSA 630:3 (2007). He argues that the trial court (<u>Bornstein</u>, J.) erred when it excluded evidence of the victim's alleged heroin use, and that the exclusion of this evidence violated both the defendant's due process rights and public policy. We affirm.

We briefly summarize the record before us. On the morning of November 9, 2011, the defendant was hunting in the woods behind his home. At the same time, a group of individuals, including the victim, also was hunting in the woods. The group split up: two people headed to a logging road to try to flush out any deer in the area and get them moving toward the other members of the hunting party. The victim and his father walked down the logging road to a clearing to wait for deer. When they encountered a large fallen tree, they separated. The victim climbed over the tree and his father walked around it. While they were separated, the victim's father heard a shot and saw a muzzle blast. He "hit the ground," assuming that the victim had also done so. When he looked up, he thought that he saw the victim. However, as he walked closer, he saw the defendant standing over the victim, who was lying on the ground on his right side, face down. The defendant said that he had shot at a doe. When the defendant called 911, he reported: "I was huntin' and a deer ran up through and I sat down and waited and I thought the deer come back through, and I shot, and I shot and I just it this kid had to be there and I don't understand how but[.]"

After an investigation, the defendant was charged with alternative counts of negligent homicide and reckless conduct with a deadly weapon. It appears that, before trial, the State filed a motion <u>in</u> <u>limine</u> to exclude evidence of the victim's alleged heroin use and possession. The trial court granted the motion. The court ruled that the evidence was not relevant, or, in the alternative, that any <u>de</u> <u>minimis</u> probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. The court also ruled that the evidence was inadmissible under New Hampshire Rules of Evidence 404(a)(2) and 404(b). <u>See</u> <u>N.H. R. Ev.</u> 404(a)(2), 404(b).

The limited record before us indicates that the trial court considered the defendant's request to introduce evidence of alleged heroin intoxication multiple times prior to trial. The transcript of an August 1, 2013 hearing, during which the court denied the defendant's request "for the third time," indicates that the trial court had before it motions that incorporated "recitations of the depositions and statements and other relevant evidence." We have not been provided with copies of those pleadings.

After a jury trial, the defendant was found guilty of both offenses. He was subsequently sentenced to a prison term of two to four years on the negligent homicide charge.

On appeal, the defendant argues that the trial court erred in ruling that evidence of the victim's alleged heroin intoxication was inadmissible. The decision to admit or exclude evidence is within the discretion of the trial court. State v. Mitchell, 166 N.H. 288, 291 (2014). In determining whether the trial court's ruling is a proper exercise of judicial discretion, we consider whether the record establishes an objective basis sufficient to sustain the discretionary decision made. Id. To establish an unsustainable exercise of discretion, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. Id.

We first address the defendant's argument that the trial court applied the wrong standard in evaluating the admissibility of the challenged evidence. The defendant argues that the trial court applied an incorrect analysis "when it considered evidence of the decedent's heroin intoxication as comparative negligence rather than as situational evidence." We disagree with the defendant's premise that the trial court based its ruling solely on a characterization of the evidence as evidence of contributory negligence. The trial court's analysis was broader than as characterized by the defendant.

We next turn to the question of whether the evidence was relevant. The defendant argues that the evidence was relevant because "it was part of the situation that [he] found himself in that day" and to exclude it "left a large gap in the evidence and the story that the jury would hear." To support his claim, the defendant cites the statutory definitions of "recklessly" and "negligently." RSA 626:2, II(c) (2007) provides in pertinent part:

> A person acts recklessly with respect to a material element of an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the circumstances known to him, its disregard constitutes a gross deviation from the conduct that a law-abiding person would observe in the situation.

RSA 626:2, II(d) (2007) provides:

> A person acts negligently with respect to a material element of an offense when he fails to become aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that his failure to become aware of it constitutes a gross deviation from the conduct that a reasonable person would observe in the situation.

The defendant argues that the "heroin evidence was a material situational fact," and that, had this evidence been introduced, the jury "would have had to consider" whether the victim could have been kneeling, sitting or stationary while injecting the heroin and whether he was attempting to conceal himself while ingesting it.

Assuming, without deciding, that sufficient evidence existed to support a conclusion that the victim had injected heroin immediately before he was shot, our analysis of relevance does not end there. See N.H. R. Ev. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). As the trial court explained at the August 1, 2013 motion hearing:

> [T]he Defendant's asking the jury to make determinations with this evidence that are beyond the ken of a lay jury.
>
> Again, the Defendant's also asking the jury to determine what effect, whatever level of heroin the dece[de]nt had in his system would have had on the decedent's behavior and actions in the moments immediately preceding the fatal shooting. And, you know, what effect, if any, heroin would have on the decedent's behavior is not a matter within the knowledge of a lay jury, but would require expert testimony. And, again, even whatever expert evidence I do have, even Dr. Duval indicates that because of the variable degrees of tolerance, an expert really can't determine the clinical effect of blood concentration of morphine in a particular individual in particular circumstances. So the jury would be asked to speculate about what effect, if any, this had.
>
> Again, the decedent's -- whether the decedent was injecting heroin in the moments immediately -- or did inject heroin in the moments immediately prior to the fatal shooting, and whether he had some degree of heroin in his system at the time of his death, is irrelevant and is not being offered for a permissible purpose.

We find no error in this cogent analysis.

3

We note that the defendant's arguments in support of the admissibility of the heroin evidence rely upon the relevance of the position of the victim at the time that he was shot. In its February 6, 2013 ruling from the bench upon the State's motion in limine, the trial court advised the parties that, if the defendant had a medical expert who would opine that, based upon the angle at which the bullet entered his body, the victim was crouching at the time of his death, evidence of the victim's physical position might "well be admissible." Thus, the challenged trial court ruling did not preclude evidence of the trajectory of the bullet and position of the victim. Nor did it prevent the defendant from presenting evidence that the victim may have been texting at the time he was shot, evidence that, he argues, would have supported his theory of the case that the victim was "stationary and probably sitting or kneeling because it would be nearly impossible to walk and text in the woods, especially high on heroin." In sum, we are unpersuaded by the defendant's argument that the excluded evidence prevented him from presenting evidence that the investigation was flawed because the investigators failed to consider that the victim may have been sitting or kneeling.

The defendant also argues that the trial court's exclusion of the cited evidence violated his due process rights under Part I, Article 15 of the New Hampshire Constitution and the Fourteenth Amendment of the United States Constitution. He argues that the trial court's ruling deprived him of his right to produce all proofs favorable to him, see N.H. CONST. pt. I, art. 15, and impaired his right to cross-examine adverse witnesses, see U.S. CONST., amend. VI. But see Mitchell, 166 N.H. at 296 (right to produce all favorable proofs under Part I, Article 15 gives defendant right to produce witnesses, not to produce their testimony). Even if we assume without deciding that the defendant has properly preserved this argument for appellate review by first raising it in the trial court, see State v. Bailey, 166 N.H. 537, 541 (2014), we find it unavailing. A defendant has no right to introduce evidence that will have little effect other than to confuse the issues because such evidence is not favorable proof. Mitchell, 166 N.H. at 296, see also United States v. Scheffer, 523 U.S. 303, 308 (1998) (holding that under Federal Constitution, defendant's right to present relevant evidence is not unlimited, "but rather is subject to reasonable restrictions").

We have also considered the defendant's argument that exclusion of the evidence in this case violates public policy, and we are not persuaded. We need not restate our analysis set forth above. Given the record before us, we affirm.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

4