NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Strafford
No. 2017-0385

THE STATE OF NEW HAMPSHIRE

v.

DAVID MARTINKO

Argued:  April 17, 2018
Opinion Issued:  August 17, 2018

Gordon J. MacDonald, attorney general (Elizabeth A. Lahey, assistant attorney general, on the brief and orally), for the State.

Law Office of Joshua L. Gordon, of Concord (Joshua L. Gordon on the brief and orally), for the defendant.

LYNN, C.J.  The defendant, David Martinko, appeals an order of the Superior Court (Houran, J.) denying his motion to vacate guilty pleas that he entered in 2014 to three felony informations.  The informations charged him with aggravated felonious sexual assault under the pattern sexual assault statute.  See RSA 632-A:2, III (2016).  He argues that: (1) the informations violated his state and federal constitutional protections against double jeopardy; and (2) his trial counsel provided ineffective assistance because he did not advise the defendant of these violations.  We affirm.

The State made the following proffer at the 2014 sentencing hearing. On October 31, 2013, the defendant went to the Dover Police Department and confessed that he had sexually assaulted the fifteen-year-old victim on the preceding night. On November 1, 2013, the victim participated in a forensic interview in which she confirmed that she had been sexually assaulted by the defendant on October 30. She also reported that the assaults began when she was four or five years of age when they were living out of state. The defendant continued to sexually assault the victim after they moved to New Hampshire in 2010. The abuse happened every night or every other night until just before her fourteenth birthday when she told him to stop; thereafter he assaulted her approximately once a month.

At the sentencing hearing, the defendant waived indictment and pled guilty to the three informations. Each information charged him with a pattern of assaults that spanned different dates: the first information charged assaults that occurred between September 1, 2010 and August 31, 2011; the second charged assaults that occurred between September 1, 2011 and August 31, 2012; and the third charged assaults that occurred between September 1, 2012 and October 31, 2013. The trial court accepted his negotiated plea and imposed three consecutive sentences. The court also ordered that the minimum sentence imposed on the third charge "may be suspended by the Court on application of the defendant, provided the defendant demonstrates meaningful participation in the sexual offender program while incarcerated."

In April 2017, the defendant filed the motion to vacate his plea and the sentences underlying this appeal. He argued that the three pattern informations to which he pled guilty violated the Double Jeopardy Clauses of the State and Federal Constitutions because they charged "three separate sets of acts during overlapping time periods, alleging identical variants of sexual behavior that occurred at the same location." He further argued that his trial counsel was ineffective for failing to advise him of the double jeopardy violations. The trial court denied his motion, finding that "the State's charges allege three separate sets of acts during three discrete time periods." This appeal followed.

A guilty plea must be knowing, intelligent, and voluntary to be valid. State v. Ortiz, 163 N.H. 506, 509 (2012). Thus, a defendant must voluntarily waive his rights and fully understand the elements of the offense to which he is pleading, the direct consequences of the plea, and the rights he is forfeiting. Id. In a collateral attack to a guilty plea, the defendant bears the initial burden and must describe the specific manner in which the waiver was in fact involuntary or without understanding. Id. If the defendant meets his initial burden, and if the record indicates that the trial court affirmatively inquired into the knowledge and volition of the defendant's plea, then the defendant has the burden to demonstrate by clear and convincing evidence that the trial court

2

was wrong and that his plea was either involuntary or unknowing for the reason he specifically claims.  Id.

The Double Jeopardy Clauses of the State and Federal Constitutions each provide three protections: (1) protection against subsequent prosecution for the same offense after acquittal; (2) protection against subsequent prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense.  State v. Wilson, 169 N.H. 755, 772 (2017).  The defendant argues that the three informations violated his protection against multiple punishments.

In support of his argument, he observes that the informations "are precisely successive"; that is, the second information charged assaults beginning on the next day after the period charged in the first information ended, and the third information charged assaults beginning on the next day after the end of the period charged in the second information.  He contends that because there is no evidence in the record "that three distinct patterns began and ended on those dates," "the periods are arbitrary, and therefore the Informations are multiplicitous, in violation of federal and state constitutional bars against double jeopardy."  Accordingly, he argues, we should reverse two of his convictions and remand this case for resentencing on the third information.

Whether charging documents violate double jeopardy protections found in the State and Federal Constitutions presents a question of constitutional law, which we review de novo.  See id.  Challenges to multiple convictions based on multiplicity can be divided into two categories.  State v. Lynch, 169 N.H. 689, 706 (2017).  In "double-description" cases, the question is whether two statutes describe separate offenses or are simply different descriptions of the same offense.  Id.  In "unit of prosecution" cases, the question is whether a defendant's course of conduct constitutes more than one violation of a single statutory provision.  Id.  The parties agree that the issue in this case requires us to determine the applicable unit of prosecution.

When a defendant argues that his rights have been violated under both the State and Federal Constitutions, we consider the arguments first under our State Constitution and rely upon federal law only to aid our analysis.  State v. Mitchell, 166 N.H. 288, 296 (2014).  To determine whether charged offenses violate the double jeopardy protections of our State Constitution in unit of prosecution cases, we examine whether proof of the elements of the crimes as charged will require a difference in evidence.  State v. Ramsey, 166 N.H. 45, 51 (2014).  Although we have consistently articulated this test, we have not consistently applied it and have previously invited parties "to suggest a formulation of the double jeopardy test to be applied under our State Constitution."  State v. Locke, 166 N.H. 344, 353 (2014).  Neither party has accepted our invitation in this case.

RSA 632-A:2, III, the pattern sexual assault statute, provides:

> A person is guilty of aggravated felonious sexual assault when such person engages in a pattern of sexual assault against another person, not the actor's legal spouse, who is less than 16 years of age. The mental state applicable to the underlying acts of sexual assault need not be shown with respect to the element of engaging in a pattern of sexual assault.

"Pattern of sexual assault" is defined as "committing more than one act under RSA 632-A:2 or RSA 632-A:3, or both, upon the same victim over a period of 2 months or more and within a period of 5 years." RSA 632-A:1, I-c (2016). "The essential culpable act, the actus reus, is the pattern itself, that is, the occurrence of more than one sexual assault over a period of time." State v. Fortier, 146 N.H. 784, 791 (2001).

In declining our invitation to propose a formulation of the double jeopardy test to be applied under our State Constitution, the defendant observes that our "unit of prosecution" jurisprudence "is probably not susceptible of ready harmonization." He contends, however, that, although we have "allowed small differences to constitute separate patterns," we have required "that there be some material differences in the acts to justify separate pattern allegations." He cites State v. Richard, 147 N.H. 340 (2001), and State v. Jennings, 155 N.H. 768 (2007), to support his contention. We do not read these opinions so narrowly.

The defendant correctly observes that we affirmed convictions on ten pattern indictments in Richard after finding that "each charged a particular variant of sexual assault different from the type charged in the other patterns." State v. Richard, 147 N.H. 340, 343 (2001). Relying upon this language in Richard, the defendant argues that because the dates charged in each of the three informations to which he pled guilty did not encompass distinct patterns of sexual assault, as reflected by any pattern-centered difference in the evidence, the informations violated his constitutional protection against double jeopardy. Unlike in his case, however, the pattern indictments in Richard charged overlapping time frames. Id. Addressing the specific allegations of the Richard indictments, we held that multiple pattern indictments that charged numerous assaults within a common time frame committed against a single victim could not rely on the same underlying act or acts to comprise the charged pattern. Id. Thus, the narrow holding in Richard does not resolve the issue raised in this case, where the three informations do not charge patterns with overlapping time frames.

Nor does Jennings provide support for the defendant's argument. In Jennings, we concluded that three indictments that "allege[d] three separate sets of acts during three discrete time periods at three different locations" did

4

not subject the defendant to multiple punishments for the same offense and did not violate the federal protection against double jeopardy. State v. Jennings, 155 N.H. 768, 778 (2007). However, Jennings did not establish that each of these factors was required when the State sought to indict a defendant for multiple pattern offenses that had been committed during a common five-year period.

Indeed, in Jennings, we rejected the defendant's argument that the pattern sexual assault statute is intended to define as a single pattern all sexual assaults of the same variant committed against a single victim that occur within the same five-year period, observing that the "statute on its face contains no such limit." Id. at 777. We observed that the purpose of the pattern statute is to address the concern that young victims, who have been subjected to numerous, repeated incidents of sexual assault over a period of time by the same assailant may be unable to identify discrete acts. Id. To construe the statute to define all assaults of the same variant committed against the same victim within a five-year period as a single pattern would undermine its very purpose. Id. at 778. "The more plausible reading of the statute allows the State to charge more than one pattern of a given sexual assault variant within a five-year time frame, each as an individual unit of prosecution, when the evidence of discrete patterns so warrants." Id. Because the challenged indictments in Jennings charged three discrete patterns of sexual assault and the "prosecution at trial would have to prove that the acts occurred within each of the alleged, discrete periods of time," we concluded that the defendant was not subjected to multiple punishments for the same offense. Id.

The defendant contends that because his "conduct was one continuous pattern spanning three years," the State could not charge him with three different one-year pattern offenses. Rather, he argues, the State must plead "actual distinct patterns" found in the evidence. Absent legislative direction, we decline to impose this requirement. The defendant was charged with committing acts that occurred within discrete periods of time that did not overlap. To obtain conviction, the State was required to prove that two or more acts occurred within each of the charged discrete periods. Given the difference in the evidence required to obtain a conviction and the purpose of the statute, we hold that the State was permitted to seek separate convictions on the charged informations, without violating the defendant's protection against double jeopardy.

We reach the same conclusion when we review the defendant's claim under the Federal Constitution. As noted above, the defendant cites State v. Richard and State v. Jennings to support his double jeopardy challenge. The defendants in those cases relied exclusively on the Federal Constitution to argue that their convictions violated double jeopardy. To determine whether a defendant is subject to multiple punishments for the same offense, in violation

5

of the protection provided by the Federal Constitution, "we must determine the unit of prosecution intended by the legislature." Richard, 147 N.H. at 342. "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." Ohio v. Johnson, 467 U.S. 493, 499 (1984) (citations omitted). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). As we noted above, to construe the pattern sexual assault statute to define all assaults of the same variant committed against the same victim within a five-year period as a single pattern would undermine its very purpose. Accordingly, we conclude that, under the Federal Constitution, the State was permitted to seek separate convictions on the charged informations.

For the foregoing reasons, we reject the defendant's argument that his trial counsel was ineffective because he failed to advise the defendant that his pleas were in violation of the Double Jeopardy Clauses of the Federal and State Constitutions.

In reaching this result, we emphasize, as we have in previous cases, that the State should be mindful of its obligation to exercise meaningful prosecutorial discretion when determining the pattern to be charged. See, e.g., Jennings, 155 N.H. at 779.

Affirmed.

HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.